Glen R. VAUGHT, Appellee,

v.

**STATE FARM FIRE & CASUALTY COMPANY and State Farm Mutual Automobile Insurance Company, Appellants.**

No. 19424.

United States Court of Appeals
Eighth Circuit.

July 10, 1969.

Ted Boswell, of Cockrill, Laser, McGehee, Sharp & Boswell, Little Rock, Ark., for appellants.

Jack Young, of Allen, Dahlen & Young, Little Rock, Ark., for appellee.

Before VAN OOSTERHOUT, Chief Judge, and VOGEL and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

The sole issue on this appeal is the validity of a clause in an automobile liability insurance policy stating that automobiles owned by a municipality were not to be included as uninsured automobiles. The trial court held the exclusion was invalid. We affirm.

The facts are undisputed. The plaintiff was involved in an accident in which an automobile driven by him and a vehicle owned by the City of North Little

Rock, driven by Joseph Roberts, an employee of the City, collided. The plaintiff instituted a suit against Roberts and recovered a judgment of $8,000. Since neither the City of North Little Rock[1] nor Roberts[2] had insurance covering the vehicle, the plaintiff instituted a suit against the defendant, State Farm Fire and Casualty Company, under the terms of a State Farm policy held by him. The plaintiff's vehicle was covered by a liability insurance policy containing the following provision:

"COVERAGE U—*Damages for bodily injury caused by uninsured automobiles.* To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance, or use of such uninsured automobile; * * *."

The defendant denies liability on the grounds that the policy excluded vehicles owned by municipalities from the term "uninsured automobiles." The provision relied upon reads:

"(2) * * * [B]ut the term 'uninsured automobile' shall not include: * * * (iv) a land motor vehicle which is owned by the United States of America, Canada, a state, a political subdivision of any such government or an agency of any of the foregoing: * * *."

It is undisputed that if this provision is valid, it would cover the vehicle owned by the City of North Little Rock and, therefore, relieve the defendant of liability.

The District Court noted that the Arkansas Supreme Court had not resolved the question. It held that the policy provision was contrary to the public policy of the State of Arkansas as set forth in § 66–4003, Ark.Stat.Ann. (1947),[3] and, therefore, was invalid. It [case reported sub nom. Carter v. Saint Paul Fire and Marine Insurance Com-

---

1. At the time of the accident, Arkansas adhered to the position that a municipality, when acting in its governmental capacity, was not liable in damages for injuries inflicted on others by the negligent acts of its employees, servants and officers. The Arkansas Supreme Court subsequently abandoned this position in Parish v. Pitts, 244 Ark. 1239, 429 S.W.2d 45 (1968). Prior to this decision, the legislature, in an effort to mitigate the hardship imposed by the doctrine of governmental immunity, authorized municipalities to buy liability insurance and for direct actions against the insurers. See, § 66–3240, Ark.Stat.Ann. (1947). The City of North Little Rock had not purchased liability insurance. The Arkansas legislature has recently reinstated the doctrine of governmental immunity, but now requires municipalities to carry liability insurance. An Act To Declare It To Be The Public Policy Of The State Of Arkansas That The State And Its Political Subdivisions Shall Not Be Liable For Tort Under The Laws Of The State Of Arkansas And To Provide That No Action Shall Be Maintained Therefor; To Require All Political Subdivisions To Carry Liability Insurance On Their Motor Vehicles; To Declare An Emergency; And For Other Purposes Act 165 of 1969.

2. Roberts had an insurance policy issued by State Farm Mutual on his personal automobile; but by the terms of this policy, it did not cover nonowned vehicles such as the one Roberts was driving at the time of the accident.

3. "66–4003. *Automobile liability uninsured motorist requirements.*—No automobile liability insurance, covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto, in not less than limits described in section 27 of Act 347 of 1953 [§ 75–1427], as amended, under provisions filed with and approved by the Insurance Commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage. [Acts 1965, No. 464. § 1, p. 1570.]"

pany, 283 F.Supp. 384, 388, 390 (1968)] stated:

> "The Arkansas statute requires coverage 'for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. * * *' Under existing Arkansas law it is true that the plaintiff had no cause of action against the City of North Little Rock, the owner of the vehicle, but the plaintiff did have a cause of action against the operator of the uninsured vehicle, Joseph Roberts. To give effect to the exclusion in the policy would deprive plaintiff of the benefit of the statute, although the collision was with one who is legally liable, and one who was driving an uninsured vehicle at the time of the accident.
>
> "The obvious intent of the Legislature in enacting the Uninsured Motorist Act was to provide insurance to policyholders such as plaintiff Vaught against inadequate compensation for injuries in a collision with uninsured motorists' vehicles at least to the extent provided by the statute.
>
>     \*    \*    \*    \*    \*    \*
>
> " * * * [This provision] * * * [is] held to be valid the purpose of the Arkansas statute, which is to provide a basic minimum coverage against the actions of financially irresponsible motorists, would be frustrated. This basic coverage may not be abrogated nor diminished by the 'small print' in an insurance contract."

Although the exclusion appears to be a standard one,[4] only one case has been called to our attention in which consideration was given to the question of whether the exclusionary clause can be given effect on the face of a statute similar to that enacted by the Arkansas legislature. Jones v. Southern Farm Bureau Casualty Company, 163 S.E.2d 306 (S.C.1968). The South Carolina Supreme Court decided that the exclu-

sion was a valid one. It did so on the narrow grounds that the Act specifically permitted the exclusion. It reasoned that the Uninsured Motorist Act had been codified into Chapter 8 of the South Carolina Code (the Motor Vehicle Safety Responsibility Act), and became a part thereof. That chapter included the following section:

> "This chapter shall not apply with respect to any motor vehicle owned by the United States, this State or any political subdivision of this State or any municipality therein."

The court held that the quoted section was applicable to all of the provisions of the chapter, including those dealing with uninsured motorists.

■ We do not have the same circumstances here. The Uninsured Motorist Act and the Motor Vehicle Safety Responsibility Act are not codified in one chapter in the Arkansas statutes. The Uninsured Motorist Act does not specifically exclude governmentally-owned vehicles. The appellant argues, however, that because the Uninsured Motorist Act refers to the Motor Vehicle Safety Responsibility Act for the purposes of prescribing the limits of coverage, it is fair to look to the latter Act to determine legislative intent as to exclusions. Since that Act contains an exclusion for vehicles owned by the government, § 75–1426(h), Ark.Stat.Ann. (1947), the appellant argues that a similar exclusion should be read into the Uninsured Motorist Act.

The short answer to this contention is that if the legislature had so intended, it could have been as explicit with respect to the one as it was with the other.

The defendant argues that the Uninsured Motorist Act deals with the problem of insurer's insolvency in two provisions, §§ 66–4004 and 66–4005, Ark. Stat.Ann. (1947), and finds it incongruous that the legislature would expressly deal with this contingency and yet would

---

4. Insurance Law: Uninsured Motorist Protection (Appendix B), The Defense Research Institute, Inc.

not be deemed to have dealt with the problem of governmental immunity and uninsured motorist coverage. We find no such incongruity. On the contrary, the legislature's inclusion of the provisions covering insolvent insurers indicates, if anything, an intent to give broad coverage to the statute.

■ The defendant next contends that a defendant insurance company's right to subrogation is defeated if the exclusionary clause is invalidated. This argument is without merit. The defendant may be precluded from seeking recovery against the owner of the vehicle, City of North Little Rock, but nothing prevents it from seeking recovery from the vehicle's operator. The defendant would have the same rights against the operator as its insured had. *Cf.*, King v. State Farm Mutual Insurance Company, 274 F.Supp. 824 (W.D.Ark.1967).

The defendant's final contention is that the Arkansas Supreme Court has recognized the right of an insurer to narrow the scope of the uninsured motorist statute.[5] It cites M.F.A. Mutual Ins. Co. v. Bradshaw, 245 Ark. 85, 431 S.W.2d 252 (1968), and M.F.A. Mutual Ins. Co. v. Wallace, 245 Ark. 227, 431 S.W.2d 742 (1968), in support of its view.[6]

In *Bradshaw*, the court held that a clause requiring that the consent of the company to an action against the uninsured must be obtained before a judgment was conclusive against the company, was valid. Compare, M.F.A. Mutual Ins. Co. v. Lovins, 248 F.Supp. 108 (E.D.Ark.1965), cited with approval by the Arkansas Supreme Court in M.F.A. Mutual Ins. Co. v. Bradshaw, *supra* 431 S.W.2d at 254.

In *Wallace*, the Arkansas Supreme Court held than an "other insurance clause" prohibiting "stacking" was valid.[7]

■ In our view, neither case indicates that the Arkansas Supreme Court would permit an insurer to defeat the basic purpose of the Uninsured Motorist Statute; *i. e.*, to "enable Arkansas

5. Courts in other jurisdictions have held that other restrictive provisions are invalid:
   A clause limiting uninsured motorist coverage to accidents occurring within the United States or Canada. Mission Insurance Company v. Brown, 63 Cal.2d 508, 47 Cal.Rptr. 363, 407 P.2d 275 (1965).
   A clause restricting coverage to drivers over twenty-five years of age. First National Insurance Co. of America v. Devine, 211 So.2d 587 (Fla.App.1968). See also, Butts v. State Farm Mutual Automobile Ins. Co., 207 So.2d 73 (Fla.App.1968); Hendricks v. Meritplan Insurance Company, 205 Cal.App.2d 133, 22 Cal.Rptr. 682 (1962).
   A clause restricting coverage to members of the family who did not own automobiles. Lopez v. State Farm Fire and Casualty Company, 250 Cal.App.2d 210, 58 Cal.Rptr. 243 (1967). See also, Travelers Indemnity Company v. Powell, 206 So.2d 244 (Fla.App.1968).
   A clause restricting coverage of resident relatives. Costa v. St. Paul Fire and Marine Insurance Company, 228 Cal. App.2d 651, 39 Cal.Rptr. 774 (1964).
   A clause limiting coverage to a specific automobile owned by the insured. Gulf

American Fire & Casualty Company v. McNeal, 115 Ga.App. 286, 154 S.E.2d 411 (1967).
   A clause restricting coverage as to public conveyances. Forbes v. Allstate Insurance Company, 210 So.2d 244 (Fla.App. 1968).

6. Other cases in which the court has discussed the statute are: Hartford Accident & Indemnity Co. v. Warren, Ark., 438 S.W.2d 31 (1969); Southern Farm Bureau Cas. Ins. Co. v. Gottsponer, Ark., 434 S.W.2d 280 (1968); and M. F. A. Mutual Ins. Co. v. McKinley, Ark., 432 S.W.2d 484 (1968).

7. Compare, Safeco Insurance Company of America v. Robey, 399 F.2d 330 (8th Cir. 1968); accord, Childers v. Southern Farm Bureau Casualty Insurance Co., 282 F.Supp. 866 (E.D.Ark.1968), vacated memorandum decision LR 66 C–259 (Sept. 18, 1968), where this Court and the federal District Court predicted that the Arkansas Supreme Court would hold that the provisions against "stacking" uninsured motorist coverage were invalid; and M. F. A. Mutual Ins. Co. v. Wallace, 245 Ark. 227, 431 S.W.2d 742 (1968), where those provisions were held valid.

people purchasing automobile insurance to obtain for an additional premium the same protection against death or injuries at the hands of an uninsured motorist as they would have had if that motorist had obtained for himself the minimum insurance coverage required by the Safety Responsibility Act." Childers v. Southern Farm Bureau Casualty Insurance Co., 282 F.Supp. 866 (E.D.Ark. 1968), vacated for other reasons memorandum decision LR 66 C–259 (Sept. 18, 1968). See also, 22 Ark.L.Rev. 152 (1968); 20 Ark.L.Rev. 370 (1966); 19 Ark.L.Rev. 377 (1965); 15 Ark.L.Rev. 219 (1960); and Annot. 79 A.L.R.2d 1252 (1961), for a discussion of uninsured motorist coverage.

We are convinced that if the Arkansas Supreme Court were faced with the question raised here that its opinion would be the same as that of the District Court. We, therefore, affirm.