282 So.2d 301

In re Gwen HIGGINS, a minor

v.

NATIONWIDE MUTUAL INSURANCE CO.

Ex parte NATIONWIDE MUTUAL INSURANCE COMPANY.

SC 326.

Supreme Court of Alabama.

Aug. 30, 1973.

Rives, Peterson, Pettus, Conway & Burge and Edgar M. Elliott, III, Birmingham, for petitioner.

M. Clay Alspaugh, Birmingham, for respondent.

McCALL, Justice.

Nationwide Mutual Insurance Company, the insurer and the defendant in the trial court, petitioned us for a writ of certiorari to issue to the Court of Civil Appeals to review and reverse an adverse opinion of that court on the ground that a legal question of first impression in Alabama was involved. See Rule 39, Revised Rules of Practice in the Supreme Court, as amended, Appendix to Title 7, Code of Alabama, Recompiled 1958 (Cum.Sup.). Upon preliminary examination, we were of the opinion that the writ should issue and so granted the application.

The plaintiff, a minor daughter of the named insured in the defendant insurer's automobile liability policy, was also an insured under that policy. She was injured in a one vehicle accident while being transported as a student-passenger in an uninsured Jefferson County, Alabama, school bus allegedly as a result of the negligence of the bus driver. She sought to recover damages for her injuries under the unin-sured motor vehicle provision in her father's automobile liability policy. For a better understanding of the facts in the case and the decision of the Court of Civil Appeals, see Higgins v. Nationwide Mutual Insurance Co., Civ. 57 (Ms.), decided on February 7, 1973.

The policy of insurance contains an express exclusion of "an automobile which is owned by the United States of America, Canada, a state, a political subdivision of any such government or an agency of any of the foregoing," from the definition of the term "uninsured automobile," as defined therein.

The Court of Civil Appeals held that the exclusion in the insurance contract was void. We have carefully reviewed the decision of the Court of Civil Appeals, and it is our considered opinion that in its holding it has reached a correct result and the case is due to be affirmed.

Our Uninsured Motorist Act, Act No. 866 of the Legislature, Acts of Alabama, Regular Session, 1965, Vol. II, p. 1614, listed in the Recompilation as Tit. 36, § 74(62a) provides:

"No automobile liability or moter (sic) vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in subsection (c) of Section 5, of the Motor Vehicle Safety-Responsibility Act (Code 1958, Title 36, Sec. 74(46)), under provisions approved by the Commissioner of Insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, re-

sulting therefrom; provided, that the named insured shall have the right to reject such coverage; and provided further, that unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured had rejected the coverage in connection with the policy previously issued to him by the same insurer."

██ The purpose of Act No. 866 is to provide coverage "for the protection of persons insured thereunder" against injury, including death, caused by the wrongful act of an uninsured motorist. Gulf American Fire & Casualty Co. v. Gowan, 283 Ala. 480, 218 So.2d 688. While there may be argument for not including motor vehicles owned by the United States, Canada, a state or a political subdivision or agency of any of these, since governmental bodies are likely able to respond in damages, the fact remains that the Legislature did not provide this exclusion in the Act. It might have undertaken to do so, had it desired, Jones v. Southern Farm Bureau Casualty Co., 251 S.C. 446, 163 S.E.2d 306, but not having done so, it is mandatory that Act No. 866, the governing law be read into the policy contract as it exists. Where the inclusion of uninsured motorist coverage is mandatory under an act, unless specifically waived, the governing act states what the coverage shall include. Page v. Insurance Co. of North America, 256 Cal.App.2d 374, 64 Cal.Rptr. 89; Standard Accident Insurance Co. v. Gavin, 184 So.2d 229 (Fla. App.); Ampy v. Metropolitan Casualty Insurance Co., 200 Va. 396, 105 S.E.2d 839.

In 11 Am.Jur. Trials, § 6, p. 86, it is stated:

"Where a statute [an Act] requiring uninsured motorist coverage is broad and comprehensive in scope, it establishes as a matter of public policy that every bodily injury motor vehicle policy should provide uninsured motorist coverage; the code [Act] becomes in effect a part of every policy of insurance to which it

is applicable, as if it were written out in full in the policy itself. * * *." Hendricks v. Meritplan Insurance Co., 205 Cal.App.2d 133, 22 Cal.Rptr. 682.

Couch on Insurance, Second Edition, Vol. 12, § 45.625, p. 571 states:

"An uninsured motorist statute requiring uninsured motorist coverage enters into the contract of insurance as an implied term and forms a part thereof." Citing among other cases Prosk v. Allstate Insurance Co., 82 Ill.App.2d 457, 226 N.E.2d 498, 25 A.L.R.3d 1294; Travelers Indemnity Co. v. Powell, (Fla. App.) 206 So.2d 244; Stevens v. American Service Mutual Insurance Co., (Dist. Col.App.) 234 A.2d 305; Allison v. Imperial Casualty & Indemnity Co., (Fla. App.) 222 So.2d 254; Rose v. Travelers Indemnity Co., 209 Va. 755, 167 S.E.2d 339; Travelers Indemnity Co. v. Williams, 119 Ga.App. 414, 167 S.E.2d 174; Progressive Mutual Insurance Co. v. Brown, (Fla.App.) 229 So.2d 645, quashed on other grounds (Fla.) 249 So. 2d 429; Indiana Insurance Co. v. Noble, Ind.App., 265 N.E.2d 419.

In Safeco Insurance Co. of America v. Jones, 286 Ala. 606, 614, 243 So.2d 736, 742, the restriction on uninsured motorist coverage under consideration was a contractually imposed limit on the total amount recoverable, if more than one insurer became liable to pay under its policy. In rejecting the unauthorized attempt to limit coverage this court said:

" * * * [W]e cannot permit an insurer to avoid its statutorily imposed liability by its insertion into the policy of a liability limiting clause which restricts the insured from receiving that coverage for which the premium has been paid."

Similarly, an attempt to contract away the uninsured motorist coverage provided by law by excluding from coverage any amounts which were received by the insured from any other similar insurance, was held void and unenforceable in State Farm Mutual Automobile Insurance Co. v.

Cahoon, 287 Ala. 462, 252 So.2d 619 (1971). There the appellant insurer sought to set off the amounts recovered or to be recovered under workmen's compensation insurance against the amounts due under its uninsured motorist coverage. We held there as in *Safeco,* supra, that such attempts to avoid the statutory liability of coverage were themselves void.

The Court of Civil Appeals in its opinion cites as authority, Vaught v. State Farm Fire & Casualty Co., 413 F.2d 539 (8th Cir.), which dealt with an exclusion in an uninsured motorist coverage which provided that the term "uninsured automobile" does not include a vehicle owned by the United States, Canada, a state, or a political subdivision of any such government or any agency thereof. The U. S. Court of Appeals construing Arkansas law reasoned that the exclusion was invalid as contrary to the Arkansas uninsured motorist statute. We think the decision is apropos and are in accord with its holding.

■ The petitioner, Nationwide, contends that there is a valid ground to distinguish *Vaught,* supra, from the instant case, that is, the absence in Vaught of a financially responsible entity to respond in money to the plaintiff's injuries. When acting in its governmental capacity, the City of North Little Rock was not liable in damages for negligent injuries inflicted on others by its employees, servants, and officers. In an attempt to distinguish the cases, the petitioner argues that the plaintiff here may look to the State Board of Adjustment Act (Code of Alabama, 1940, Tit. 55, § 333 et seq., as amended) for recompense. We do not consider in a case of this kind that the measure of an injured person's rights under the State Board of Adjustment Act is equivalent to that afforded by a common law action. In the latter the parties may have the issues of fact determined by a jury, while a student claiming damages for personal injuries incurred on a school bus on account of the driver's negligence would be bound by the board's decision both as to liability and the amount

of the award. Under the State Board of Adjustment Act, if it appears to the Board that another is legally liable, it may withhold payment until final settlement has been made with that party, and any damages that are recovered may be offset against payments due under the act. Further the benefits payable under the act are to equal maximums payable under the Workmen's Compensation Law (Chapter 5, Tit. 26, Code of Alabama, 1940, as amended) while an injured party as here may otherwise in a civil action recover reasonable compensation for his injuries. We do not consider the petitioner's contention sufficient to distinguish *Vaught* from the present situation.

Further we decline to base our holding on the presence or absence of a financially responsible party. Rather the question is whether conditions may be imposed in a policy which conditions restrict the uninsured motorist coverage prescribed by law.

■ We think that in the absence of any language in the act authorizing the exclusion, no exclusion of governmentally owned motor vehicles may be created in the policy. An attempt to include such in the policy provisions conflicts with the mandate of the act. The act provides such insurance protection for insureds without limitation or restriction as to whether or not the uninsured motor vehicle is governmentally owned or operated, and restricting the act's scope thwarts its purpose.

Nationwide, the petitioner, argues that since Act No. 866 does not define an uninsured motorist, the contracting parties may define its meaning so long as such definition does not conflict with public policy and the provisions of the act. The petitioner contends that it is not against public policy for the parties to agree that an uninsured automobile as defined in the policy shall not include a governmentally owned motor vehicle.

■■ It is reasonable and safe to state that "an 'uninsured automobile' is ordinari-

ly defined to include motor vehicles with respect to which neither the owner nor the operator carries bodily injury liability insurance, and 'hit and run' automobiles." 7 Am.Jur.2d Automobile Insurance, § 136, p. 462; 79 A.L.R.2d 1253. We have said that the words of the act control, so the question arises whether the coverage in the policy is narrower or more restrictive than that called for in the act. It is obvious to us that the definition, that an uninsured automobile shall not include an automobile owned by the government or a subdivision thereof, narrows and restricts the general meaning and definition of an uninsured automobile. Further, if the exclusion did not purpose to restrict the meaning of the term "uninsured motorist" as it appears in the act, then why was any definition ever made a provision of the insurance contract? The exclusion in the policy is more restrictive than the act and is therefore void.

Nationwide argues there arises a conflict between the holding in the opinion of the Court of Civil Appeals in this case and its decision in Lammers v. State Farm Mutual Automobile Insurance Co., 48 Ala.App. 36, 261 So.2d 757, wherein certiorari was denied by this court. See 288 Ala. 745, 261 So.2d 766. It has been repeatedly stated that the mere denial of a petition for certiorari to one of our appellate courts is not to be taken as an affirmance or agreement by this court of all that is said in the opinion of the appellate court. There are many reasons why writs are denied. The argument that *Lammers* is contrary to the holding of that court in this case is not convincing because we did not necessarily approve *Lammers* by denying certiorari.

■ Being of the opinion that those parts of contracts of insurance which infringe upon or attempt to restrict the uninsured motorist coverage are contrary to the Legislative Act, Safeco Insurance Co. of America v. Jones, supra, State Farm Mutual Insurance Co. v. Cahoon, supra, see also Vaught v. State Farm Fire and Casualty Co., supra, we hold that the clause here in question attempting to exclude governmentally owned vehicles is void and unenforceable. The decision of the Court of Civil Appeals is due to be affirmed.

Affirmed.

All Justices concur.