337 So.2d 830 (1976)
Mary JOHNS, Appellant,
v.
LIBERTY MUTUAL FIRE INSURANCE COMPANY, Appellee.
No. 75-235.
District Court of Appeal of Florida, Second District.
September 22, 1976.
Rehearing Denied October 20, 1976.
Charles W. Pittman, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Charles S. Carrere, of Harrison, Greene, Mann, Rowe & Stanton, St. Petersburg, for appellee.
HOBSON, Acting Chief Judge.
Appellant seeks reversal of a summary final judgment in favor of appellee in a declaratory judgment action against appellee regarding appellant's entitlement to uninsured motorist benefits under the uninsured motorist provision of a policy issued to her by appellee.
On November 26, 1968, appellant was injured in a collision with a vehicle owned by the City of St. Petersburg and operated by an uninsured city employee. At the time of the accident appellant's vehicle was insured by an automobile liability insurance policy issued by appellee which provided uninsured motorist coverage pursuant to § 627.0851 F.S. 1967 [now § 627.727 F.S.] The policy provided that the term "uninsured highway vehicle" shall not include:
"(2) a highway vehicle owned or operated by a self-insurer within the meaning of any motor vehicle financial *831 responsibility law, motor carrier law or any similar law, or
"(3) a highway vehicle owned by any Federal, State, Territorial, Provincial or Municipal government, or a political subdivision, department or agency of any of them;"
The trial court entered a final summary judgment for appellee, finding that the City of St. Petersburg was not an uninsured motorist.
The first question for our determination is whether a provision in an automobile liability policy excluding from uninsured motorist coverage a government-owned highway vehicle is valid. We hold that such a provision is legally impermissible.
This precise question has not been ruled on in this state. However, in numerous cases the courts of this state have taken the position that the uninsured motorist statute was enacted to provide relief to innocent persons who are injured through the negligence of an uninsured motorist, and such liability is not to be "whittled away" by exclusions and exceptions. First National Insurance Co. of America v. Devine, Fla. App.2d 1968, 211 So.2d 587; Mullis v. State Farm Mutual Automobile Insurance Co., Fla. 1971, 252 So.2d 229; Salas v. Liberty Mutual Fire Insurance Company, Fla. 1973, 272 So.2d 1.
Turning now to other jurisdictions, we find that several of our sister states have held that provisions in automobile liability policies that uninsured motorist coverage did not apply to government-owned vehicles are more restrictive than the Uninsured Motorist Act and are therefore invalid. Higgins v. Nationwide Mutual Insurance Co., 1973, 291 Ala. 462, 282 So.2d 301; Franey v. State Farm Mutual Automobile Ins. Co., 1972, 5 Ill. App.3d 1040, 285 N.E.2d 151; State Farm Mutual Automobile Ins. Co. v. Carlson, 1973, 130 Ga. App. 27, 202 S.E.2d 213. See also Vaught v. State Farm Fire & Casualty Company, 8th Cir.1969, 413 F.2d 539, which was cited generally with approval by our Supreme Court in Mullis v. State Farm Mutual Automobile Insurance Co., supra, though not precisely for the point presently before us in the instant case.
Section 324.051 F.S. 1967, exempted governmental agencies from the financial responsibility provisions but there was no such exemption in the Uninsured Motorist Act. There is no reason to read the exclusion of government-owned vehicles in the Financial Responsibility Law in pari materia with the Uninsured Motorist Statute. If the legislature had intended to exclude vehicles owned by the government from the Uninsured Motorist Act it could have explicitly done so. Higgins, Franey, Carlson, and Vaught, supra. It must be remembered that when the Uninsured Motorist Act was first passed as well as when this accident occurred, the doctrine of sovereign immunity prevailed in the State of Florida. Governmental agencies, while authorized, were not required to carry liability insurance on their vehicles. § 455.06 F.S. Thus, we cannot say that the legislature simply overlooked the possibility that a governmental vehicle might be considered an uninsured vehicle for purposes of uninsured motorist coverage.
The next question for this court to decide is whether the City of St. Petersburg is a "self-insurer" up to $25,000 so as to bring into application sub-paragraph 2 of the policy excluding coverage for "a highway vehicle owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law."
Section 324.031 F.S. 1967 provided that an operator or owner of a vehicle may prove his financial responsibility by furnishing a certificate of self-insurance issued by the commissioner in accordance with § 324.171 F.S. Appellee admits that the City of St. Petersburg did not apply for or obtain a certificate of self-insurance from the Commissioner of Insurance. Appellee filed an affidavit of the Chief of the Financial Responsibility Bureau of the Department of Insurance to the effect that since § 324.051 exempted municipalities from having their operator's licenses and owners' registrations suspended within thirty days following notice of an accident, the Bureau concluded *832 that municipalities are exempt from the requirements of § 324.171.
Exemption from the financial responsibility law does not make the municipality a self-insurer. Nothing in the statute equates exemption with a self-insurance certificate, nor does the statute define a "self-insured" as a person exempt from the statute. The City of St. Petersburg did not hold a certificate of self-insurance issued in accordance with § 324.171 F.S. 1967, and was therefore not a self-insurer within the meaning of the Florida Financial Responsibility Law.
Having determined that the City of St. Petersburg was not a self-insurer, it is unnecessary to determine the validity of the provision in the automobile liability policy excluding from uninsured motorist coverage a highway vehicle owned or operated by a self-insurer.
The final summary judgment entered by the lower court is reversed and the cause is remanded for further proceedings.
GRIMES and SCHEB, JJ., concur.