495 So.2d 909 (1986)
Stephen G. FISCHER, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 85-2003.
District Court of Appeal of Florida, Third District.
October 14, 1986.
*910 Cooper, Wolfe & Bolotin and Sharon L. Wolfe, Miami, for appellant.
Barnett & Clark and James K. Clark, Coral Gables, for appellee.
Before NESBITT and DANIEL S. PEARSON and FERGUSON, JJ.
DANIEL S. PEARSON, Judge.
This is an appeal from a final summary judgment which determined that the extraterritorial restriction on uninsured motorist coverage in Fischer's insurance policy was valid and that Fischer's insurer, State Farm Mutual Automobile Insurance Company, was thus correct in denying his claim under the policy. We agree with the trial court's determination and affirm its judgment.
In 1982, Fischer was injured when he was run over by a truck while bicycling in New Zealand. He sought uninsured motorist benefits under his State Farm automobile liability policy. State Farm denied coverage in reliance on the following provision in the policy:
"The liability, medical payments, uninsured motor vehicle and physical damage coverages you chose apply... in the United States of America, its territories and possessions or Canada... ."
Fischer argues that the omission of any territorial restriction in Section 627.727, Florida Statutes (1981), the uninsured motorist statute, evinces the Legislature's intent that there be no such restriction in any insurance policy issued in Florida. He says that had the Legislature intended to tolerate territorial restrictions on uninsured motorist coverage, it would have explicitly placed such restrictions in Section 627.727, as it did elsewhere in other statutes regulating motor vehicle insurance, namely, the Financial Responsibility Law[1] and the personal injury protection provision of the Florida Automobile Reparations Reform Act.[2]
In our view, it does not necessarily follow that the Legislature intended that there be no territorial restriction of uninsured motorist coverage merely because it intentionally omitted any mention of territorial restriction in the uninsured motorist statute. Instead, we infer from the Legislature's silence its intent to permit territorial restrictions on uninsured motorist coverage so long as they are no more restrictive than the minimal territorial restrictions found in Section 324.151 of the Financial Responsibility Law. As Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla. 1971), teaches, the Financial Responsibility Law, to which the uninsured motorist statute specifically refers and from which it derives much of its specific content, provides the legislative floor not only for liability coverage, but for uninsured motorist coverage as well. Accord Transamerica Insurance Co. v. McKee, 27 Ariz. App. 158, 551 P.2d 1324 (1976); Mission Insurance Co. v. Brown, 63 Cal.2d 508, 407 P.2d 275, 47 Cal. Rptr. 363 (1965).
As Mullis notes, the uninsured motorist statute affords bodily injury protection to those insured under the policy "as if, and to the extent, the uninsured motorist had been covered by a standard auto liability insurance policy under the Financial Responsibility Law [Chapter 324, Florida Statutes]." *911 Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d at 236. The uninsured motorist statute itself contains no specific benefits or minimum limits; rather, specific benefits and minimum limits are defined by reference to the Financial Responsibility Law.[3] Likewise, the persons given uninsured motorist protection under a liability policy are held to be the same as those "persons insured" for the purpose of protection against liability to others. Id. at 232.
Fischer correctly points out that in Johns v. Mutual Fire Insurance Co., 337 So.2d 830 (Fla. 2d DCA 1976), the court invalidated a policy limitation on uninsured motorist coverage because that same limitation, although contained in the Financial Responsibility Laws, was not contained in the uninsured motorist statute. The insurance policy in Johns provided that the term "uninsured motor vehicle" did not include a government vehicle. Government vehicles were exempted from the financial responsibility laws, but there was no such limitation in the uninsured motorist statute. The court in Johns, however, dealt with a term, namely, "uninsured motor vehicle," which was specifically defined in the uninsured motorist statute. Thus, the Johns court was correct in finding that, in such a case, there was "no reason to read the exclusion of government-owned vehicles in the Financial Responsibility Law in pari materia with the Uninsured Motorist Statute." Id. at 831. In the present case, because territorial restrictions are not mentioned, much less defined, in the uninsured motorist statute, we do read the Financial Responsibility Law in pari materia with such statute.
It appears, then, that the interstices in the uninsured motorist statute are, by legislative design, to be filled by the particulars of the more specific Financial Responsibility Law. The minimum requirements of the latter  persons covered, monetary amount, definitions of insured vehicle, and territorial restrictions  are to be read into the former.
These minimum requirements may not, of course, be unilaterally reduced by an insurer. Thus, for example, if a clause of a policy attempted to insure against loss for damage arising out of ownership, maintenance, or use of a motor vehicle in less than all of the United States and Canada  or attempted to limit uninsured motorist coverage to less than all of the United States and Canada  it would not be valid and enforceable under Florida law. However, a policy, as here, which contains the minimal territorial coverage required by statute violates no discernible public policy, and, although the parties were free to bargain for expanded territorial coverage, they did not do so, and the limited coverage of the statute "may not be extended except by clear and unambiguous provisions of ... the insurance policy sued upon." Golphin v. Home Indemnity Co., 284 So.2d 442, 444 (Fla. 1st DCA 1973). As one court said in response to an argument identical to that made by Fischer:
"The public policy of South Carolina does not mandate that uninsured motorist coverage be extended all over the globe when the liability statute only requires coverage in the United States and Canada... . Insurers providing uninsured motorist coverage must base their rates on the risk that the insured will be struck by an uninsured vehicle. It is certainly rational to exclude countries where the number of uninsured motorists is unknown or so high as to make coverage impractical... . Since the provisions of the insurance policy are clear and unambiguous and the insurance involved is *912 one imposed by law, we are not disposed to extend coverage in the manner proposed."

Marchant v. South Carolina Insurance Co., 316 S.E.2d 707, 709 (S.C. App. 1984).
Accordingly, the judgment below is
Affirmed.
NOTES
[1] The Financial Responsibility Law, § 324.151(1)(a), Fla. Stat. (1981), provides that an owner's liability policy shall insure the owner and any operator of the owner's vehicle

"against loss from the liability imposed by law for damage arising out of the ownership, maintenance, or use of such motor vehicle ... within the United States or the Dominion of Canada. ..." (emphasis supplied).
[2] A provision of the Florida Automobile Reparations Reform Act concerning personal injury protection benefits, § 627.736(4)(d)2., Fla. Stat. (1981), provides that the motor vehicle owner's insurer must pay PIP benefits for "[a]ccidental bodily injury sustained outside this state, but within the United States of America or its territories or possessions or Canada, by the owner while occupying the owner's motor vehicle." (emphasis supplied).
[3] The uninsured motorist statute, Section 627.727, Florida Statutes, provides in pertinent part:

"(1) No automobile liability insurance ... shall be delivered or issued for delivery ... unless coverage is provided therein ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles... . [unless the insured rejects coverage].
"(2) The limits of uninsured motorist coverage shall be not less than the limits of bodily injury liability insurance purchased by the named insured .. . [except that the insurer may make available higher limits]."