....
2. a "hit-and-run" land motor vehicle whose owner or driver remains unknown and which strikes:
a. the insured ; or
b. the vehicle the insured is occupying
and is the proximate cause of bodily injury to the insured.
(Emphasis in policy.)
Cross argues on appeal that she was entitled to UM coverage because she presented a question of fact on the issue of whether she was legally entitled to collect from the owner or driver of an uninsured vehicle. This language is consistent with the language of section 23-89-403, which states that its purpose is to protect those who are legally entitled to recover damages from owners or operators of uninsured *500 motor vehicles. Ark. Code Ann. § 23-89-403(a)(1) (Repl. 2014). Our supreme court has held that the policy requirement that an insured must be "legally entitled to recover from an uninsured motorist is intended only to require a showing of fault on the part of the uninsured motorist." Elam v. Hartford Fire Ins. Co. , 344 Ark. 555, 570-71, 42 S.W.3d 443, 463 (2001) (citing Hettel v. Rye , 251 Ark. 868, 870, 475 S.W.2d 536, 538 (1972) ).
Arkansas case law has further interpreted the phrase "legally entitled to recover from an uninsured motorist" as requiring the plaintiff to prove that the other vehicle is uninsured. State Farm Mut. Auto. Ins. Co. v. Henderson , 356 Ark. 335, 341, 150 S.W.3d 276, 279 (2004) ; Home Ins. Co. v. Harwell , 263 Ark. 884, 885, 568 S.W.2d 17, 18 (1978) ; Ward v. Consol. Underwriters , 259 Ark. 696, 698, 535 S.W.2d 830, 832 (1976) ; Sw. Underwriters Ins. Co. v. Miller , 254 Ark. 387, 391-92, 493 S.W.2d 432, 434 (1973). This interpretation is consistent with the language of the policy, which puts the focus on whether the motor vehicle is uninsured.[2] Therefore, to survive summary judgment, Cross had to present a question of fact showing that AHTD dump trucks were at fault and that AHTD dump trucks were uninsured.
We hold that Cross met her burden of presenting evidence to create a question of fact and survive summary judgment on this issue. First, State Farm admitted in its responses to requests for admission that AHTD was not covered by liability insurance at the time of the collision in this case. Further, AHTD's attorney stated in his affidavit that there was no insurance on the AHTD trucks that were used to transport and place materials on Highway 108. Second, Cross presented evidence of AHTD's fault. Her deposition testimony, along with that of Ricky Carter and Raymond Smith, was sufficient evidence to present a question of fact on the issue of AHTD's fault. Furthermore, the circuit court, in its order, expressly found that there were material questions of fact on the issue of negligence of AHTD's dump truck and/or drivers. Therefore, we hold that Cross presented sufficient evidence to create a question of fact on the issue of her entitlement to UM coverage.
We acknowledge the supreme court's holding in Gailey v. Allstate Insurance Co. , 362 Ark. 568, 210 S.W.3d 40 (2005), which appears to be contrary to our holding. In Gailey , the appellant was struck by a vehicle driven by Bianca Sills and owned by Jerry Woods. The appellant made a claim with her UM carrier, the appellee. After a trial, the jury found that Sills and the vehicle she was driving were uninsured. Gailey , 362 Ark. at 572, 210 S.W.3d at 43. The UM carrier cross-appealed, contending that while the insured presented sufficient evidence to prove that Sills was uninsured, the insured failed to present sufficient evidence that the vehicle was uninsured. Id. at 577, 210 S.W.3d at 45-46. Citing Home Insurance Co. v. Harwell , the supreme court stated that "[i]n order to recover uninsured-motorist benefits under Arkansas law, a plaintiff must prove that both the driver of the vehicle and the vehicle itself were uninsured." Id. at 577, 210 S.W.3d at 46. The court went on to find that substantial evidence supported the jury's finding that the vehicle was uninsured. Id. at 578-79, 210 S.W.3d at 47-48.
We distinguish Gailey for two reasons. First, the Gailey court did not recite the UM policy language at issue in that case. Therefore, we do not know what it required.
*501 Referring back to the policy language in the instant case, it expressly provides that an insured is legally entitled to collect from the owner or operator of the uninsured motor vehicle, which is a clear basis on which to distinguish Gailey .
Second, Gailey cites Home Insurance Co. v. Harwell for the proposition that in order to recover uninsured-motorist benefits, the insured must prove that both the driver of the vehicle and the vehicle itself were uninsured; however, the Harwell court did not, in fact, state that the uninsured status of both the driver and the vehicle had to be proved. In Harwell , the driver of the vehicle who caused the accident, John Hinman, was not the owner of the vehicle; the vehicle's owner was Donald Eoff. It was stipulated that Hinman did not have liability insurance. The insured, however, introduced no evidence as to whether Eoff had insurance on his vehicle. The supreme court did not hold that the insured had to prove that both the owner and the operator of the offending vehicle were uninsured; rather, the court held that the insured failed to prove that the vehicle was an "uninsured vehicle" within the meaning of the plaintiff's uninsured-motorist policy and the predecessor statute to section 27-89-403. Harwell , 263 Ark. at 885-86, 568 S.W.2d at 18. For these reasons, we hold that Gailey is inapplicable to the case at bar.[3]
On the issue of UM coverage, the circuit court also found that Cross failed to identify which AHTD truck and which AHTD driver caused the alleged negligence that led to her accident. The circuit court found that because both the truck and the driver were unknown, Arkansas law and the "hit-and-run" provision of the UM coverage required physical contact between the unidentified truck and Cross's vehicle. The court then found that there was no such contact; therefore, Cross was not entitled to UM coverage as a matter of law.
We hold that the circuit court erred in applying the "hit-and-run" provision of the UM coverage and in finding that there had to be contact between an AHTD truck and Cross's vehicle. Under the policy, an "uninsured motor vehicle" is also defined as a "hit-and-run" land motor vehicle whose owner or driver remains unknown and which strikes the insured or the vehicle the insured is occupying.
In this case, it was undisputed that the AHTD owned the dump trucks used in the construction project. There was also evidence presented that one of five named AHTD employees drove the dump truck in question, which is some evidence of the identity of the driver of the truck. Because the owner of the motor vehicle or the driver was not unknown, it is clear that the "hit-and-run" provision does not apply. Accordingly, the requirement that the dump truck "strike" Cross's vehicle does not apply either. This case is not a hit-and-run case, in which the insured has no idea who hit him or her. Therefore, the circuit court erred in granting summary judgment in favor of State Farm based on the requirement in the "hit-and-run" provision that an AHTD dump truck strike Cross's vehicle. We reverse the circuit court's summary-judgment order in favor of State Farm finding that Cross was not entitled to UM coverage as a matter of law.
Because we hold herein that Cross presented factual questions sufficient to survive summary judgment on the issue of whether she was entitled to UM coverage, *502 we must next determine whether the circuit court erred as a matter of law in finding that Cross was excluded from UM coverage based on State Farm's government-owned-vehicle exclusion. This exclusion provides, "An uninsured motor vehicle does not include a land motor vehicle ... [o]wned by any government or any of its political subdivisions or agencies." (Emphasis in policy.) The circuit court noted that in Vaught v. State Farm Fire & Casualty Co. , 413 F.2d 539 (8th Cir. 1969) (interpreting Arkansas law), the exclusion was held to be void against public policy; however, the circuit court found that the issue had not been addressed by Arkansas appellate courts, and until the appellate courts held otherwise, the exclusion was valid and not void as against public policy.
In Vaught , the insured was involved in a collision with a vehicle owned by the City of North Little Rock. The insured filed an UM suit against State Farm, and State Farm responded that the claim was excluded under a government-owned-vehicle exclusion similar to the one in the instant case. The district court found the exclusion was against public policy and invalid, and the insured recovered a judgment. State Farm appealed based on the policy exclusion.
On appeal, State Farm contended that "because the Uninsured Motorist Act refers to the Motor Vehicle Safety and Responsibility Act [MVSRA] for the purpose of prescribing the limits of coverage,[4] it is fair to look at the latter act to determine legislative intent as to exclusions." Vaught , 413 F.2d at 541. State Farm also argued that since the MVSRA contained an exclusion for vehicles owned by the government,[5] a similar exclusion should be read into the Uninsured Motorist Act. Id. The Eighth Circuit disagreed, stating that "the answer to this contention is if the legislature had so intended, it could have been as explicit with respect to one as it was with the other." Id. The Eighth Circuit held that the policy exclusion defeated the purpose of the Uninsured Motorist Act, which is to provide insureds protection against inadequate compensation for injuries in a collision with uninsured motor vehicles. Id. The Eighth Circuit also held that the Uninsured Motorist Act and the MVSRA are not codified in in the same chapter and that the Uninsured Motorist Act does not specifically exclude government-owned vehicles. Id.
We apply the reasoning in Vaught to the instant case and hold that the application of the government-owned-vehicle exclusion violates Arkansas public policy. The purpose of UM coverage is to protect the insured from financially irresponsible motorists, Jacobs v. Gulf Insurance Co. , 85 Ark. App 435, 438, 156 S.W.3d 737, 738-39 (2004) (citing Pardon v. Southern Farm Bureau Cas. Ins. Co. , 315 Ark. 537, 868 S.W.2d 468 (1994) ), and this exclusion deprives Cross of that benefit.
The "the majority of courts in other jurisdictions that have considered the validity of exclusions for government-owned vehicles have found them to be void and unenforceable as contrary to their respective [uninsured] insurance laws." Jenkins v. City of Elkins , 230 W.Va. 335, 738 S.E.2d 1, 16 (2012) (citing Borjas v. State Farm Mut. Auto. Ins. Co. , 33 P.3d 1265, 1270 (Colo. App. 2001) ; Carter v. Saint Paul Fire & Marine Ins. Co. , 283 F.Supp. 384 (E.D. Ark. 1968) ; Higgins v. Nationwide Mut. Ins. Co. , 291 Ala. 462, 282 So.2d 301 (1973) ; Cropper v. State Farm Mut. Auto. Ins. Co. , 671 A.2d 423 (Del. Super. Ct. 1995) ;
*503 United Servs. Auto. Ass'n v. Phillips , 740 So.2d 1205 (Fla. Dist. Ct. App. 1999) ; Franey v. State Farm Mut. Auto. Ins. Co. , 5 Ill.App.3d 1040, 285 N.E.2d 151 (1972) ; Cincinnati Ins. Co. v. Trosky , 918 N.E.2d 1 (Ind. Ct. App. 2009) (UIM coverage); Hillhouse v. Farmers Ins. Co. , 226 Kan. 68, 595 P.2d 1102 (Kan. 1979) ; Nationwide Mut. Ins. Co. v. Hatfield , 122 S.W.3d 36 (Ky. 2003) (UIM coverage); Mednick v. State Farm Mut. Auto. Ins. Co. , 31 So.3d 1133 (La. Ct. App. 2010) ; Young v. Greater Portland Transit Dist. , 535 A.2d 417 (Me. 1987) ; W. Am. Ins. Co. v. Popa , 352 Md. 455, 723 A.2d 1 (1998) ; Mass. Insurers Insolvency Fund v. Premier Ins. Co. , 449 Mass. 422, 869 N.E.2d 576, 583 (2007) ; Ronning v. Citizens Sec. Mut. Ins. Co. , 557 N.W.2d 363 (Minn. Ct. App. 1996) (UIM coverage); Welch v. Auto. Club Inter-Ins. Exch. , 948 S.W.2d 718 (Mo. Ct. App. 1997) ; Bartell v. Am. Home Assur. Co. , 310 Mont. 276, 49 P.3d 623 (2002) ; Boradiansky v. State Farm Mut. Auto. Ins. Co. , 141 N.M. 387, 156 P.3d 25 (2007) ; Gabriel v. Minn. Mut. Fire & Cas. , 506 N.W.2d 73 (N.D. 1993) (UIM coverage); Jennings v. Dayton , 114 Ohio App.3d 144, 682 N.E.2d 1070 (1996) ; State Farm Auto. Ins. Co. v. Greer , 777 P.2d 941 (Okla. 1989) ; Kmonk-Sullivan v. State Farm Mut. Auto. Ins. Co. , 746 A.2d 1118 (Pa. Super. Ct. 1999) ; Rueschemeyer v. Liberty Mut. Ins. Co. , 673 A.2d 448 (R.I. 1996) ; Kyrkos v. State Farm Mut. Auto. Ins. Co. , 121 Wash.2d 669, 852 P.2d 1078 (1993) (UIM coverage)).
These courts have reasoned "that the exclusion of government[-]owned vehicles from uninsured ... motorist coverage thwarts the expressed public policy of the statute setting forth the purpose of such coverage, namely to protect those innocent insureds who are harmed by an uninsured ... tortfeasor." Jenkins , 738 S.E.2d at 16 (citing Mednick , 31 So.3d at 1137 ). The minority of jurisdictions that have upheld the government-owned-vehicle exclusion have done so because either their statutes or regulations affirmatively authorized the exclusion. Jenkins , 738 S.E.2d at 16-17 (citing Giglio v. Am. Econ. Ins. Co. , 278 Conn. 794, 900 A.2d 27 (2006) ; Cont'l W. Ins. Co. v. Conn , 262 Neb. 147, 629 N.W.2d 494 (2001) ; Norcia v. Liberty Mut. Ins. Co. , 297 N.J.Super. 563, 688 A.2d 679 (N.J. Super. Law Div. 1996) ; Jones v. S. Farm Bureau Cas. Co. , 251 S.C. 446, 163 S.E.2d 306 (1968) ; Francis v. Int'l Serv. Ins. Co. , 546 S.W.2d 57 (Tex. 1976) ).
Accordingly, we hold that State Farm's government-owned-vehicle exclusion is void as it is contrary to the public-policy purpose behind the UM statute. Therefore, we reverse on this issue.
Reversed and remanded.
Abramson, Murphy, and Brown, JJ., agree.
Klappenbach and Whiteaker, JJ., concur in part and dissent in part.

The UM coverage defines an "uninsured motor vehicle" as "a land motor vehicle, the ownership, maintenance or use of which is not insured or bonded for bodily injury liability at the time of the accident."

For the same reasons, we hold that the circuit court erred in relying on AMI Civ. 2301 and finding that Cross was required to prove that both the dump truck and the operator of the truck did not have liability insurance before UM coverage was available to her.

See Ark. Code Ann. §§ 27-19-101 et seq. (Repl. 2014).

See Ark. Code Ann. § 27-19-604(8).