Rel: November 15, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

_____

### CL-2024-0147

_____

### E.L.C.

### v.

### N.J.C.

## Appeal from Baldwin Circuit Court
## (DR-19-901277)

PER CURIAM.

E.L.C. ("the mother") appeals from a divorce judgment entered by the Baldwin Circuit Court ("the trial court") to the extent that it awarded sole physical custody of A.C. and S.C. ("the children") to N.J.C. ("the

father").  We remand the case for further proceedings in accordance with this opinion.

Background

The parties married in Madison County in May 2010.  The mother had two minor children from a previous marriage, including L.R., a daughter born in 2007 ("the stepdaughter").  In December 2010, the family moved to Virginia.  The children were born while the parties resided in Virginia.  In 2017, the family moved to Baldwin County.  In March 2018, the parties separated.

After the parties separated, the mother reported to Virginia authorities that the father had committed sexual offenses against the stepdaughter while the family had resided there.  In May 2018, the father was arrested, indicted for 10 sex offenses, and incarcerated in Virginia.  In April 2019, the father reached a plea agreement in which most of the charges against him were nolle prossed, but he entered a guilty plea acknowledging that he had committed two counts of "Indecent Liberties, Stepparent with Child under the Age of 15," in violation of Va. Code Ann. § 18.2-370D.(ii), which is a Class 4 felony in the Virginia.  Section 18.2-370 provides, in pertinent part:

"D. Any parent, step-parent, grandparent, or step-grandparent who commits a violation of either this section or clause (v) or (vi) of subsection A of [Va. Code Ann.] § 18.2-370.1 (i) upon his child, step-child, grandchild, or step-grandchild who is at least 15 but less than 18 years of age is guilty of a Class 5 felony or (ii) upon his child, step-child, grandchild, or step-grandchild less than 15 years of age is guilty of a Class 4 felony."[1]

On July 25, 2019, the York County Circuit Court of Virginia ("the Virginia court") accepted the guilty plea, convicted the father of the 2 sex offenses, and sentenced the father to be incarcerated for 20 years; however, the Virginia court suspended 18 years and 8 months of the sentence and placed the father under supervised probation for an indefinite number of years.[2]  The Virginia court ordered the father to register with the Virginia State Police as a sex offender, pursuant to Va.

---

[1]Virginia Code Ann. § 18.2-370.1A. provides, in pertinent part:

"Any person 18 years of age or older who, except as provided in [Va. Code Ann.] § 18.2-370, maintains a custodial or supervisory relationship over a child under the age of 18 and is not legally married to such child and such child is not emancipated who, with lascivious intent, knowingly and intentionally ... (v) proposes to the child that the child engage in sexual intercourse, sodomy or fondling of sexual or genital parts with another person[] or (vi) sexually abuses the child ... is guilty of a Class 6 felony."

[2]The Virginia court judge did not sign the sentence form until August 6, 2019.

3

Code Ann. § 9.1-902, and to undergo sex-offender treatment. The Virginia court further ordered that the father "shall have no unsupervised contact with any minor, unless and until approved by Probation Office," and that the father "shall not live in a home where children of either gender reside, unless it is with his sister, ... along with her current and future biological and stepchildren."

The father was released from a Virginia jail on July 30, 2019. After his release, the father moved to Georgia; the father was still residing in Georgia at the time of the divorce trial. The father remained subject to the terms of his Virginia probation, and he was supervised directly by a Georgia probation officer. On October 16, 2019, the mother filed in the trial court a complaint requesting to be divorced from the father. On January 2, 2020, the father filed an answer and a counterclaim requesting to be divorced from the mother. On January 29, 2020, the father filed a motion requesting visitation with the children; the trial court granted the motion and awarded the father supervised visitation with the children, which was consistent with a modification to his probation restrictions.

4

The divorce trial commenced on July 7, 2022, and, following multiple recesses, it did not conclude until October 2, 2023. During that period, the father was released from supervised probation, but he remained a registered sex offender.[3] After August 28, 2023, he began visiting with the children without supervision pursuant to an order of the trial court. During the divorce trial, the father refused to admit that he had committed any sexual offense against the stepdaughter. The father testified that he had pleaded guilty only to avoid a lengthier incarceration and to enable him to resume the care of the children. The father called an expert witness and multiple character witnesses to support his position that he was not the kind of person who would sexually abuse a child and to prove that the mother likely had fabricated the allegations of his sexual abuse of the stepdaughter. On December 12, 2023, the trial court entered a judgment ("the divorce judgment") divorcing the parties

---

[3]The father testified that he had petitioned to be removed from a national registry of sex offenders, but that petition had not yet been adjudicated.

and, among other things, awarding the father "primary" physical custody of the children.[4]

On January 4, 2024, the mother filed a postjudgment motion to alter, amend, or vacate the divorce judgment. Among other things, the mother challenged the custody provisions of the divorce judgment as violating the Alabama Custody and Domestic or Family Abuse Act, Ala. Code 1975, § 30-3-130 et seq. On February 1, 2024, the trial court denied the mother's postjudgment motion. The mother appealed on February 23, 2024.

## The Issue

We determine that the dispositive issue to be addressed by this court at this juncture is whether the trial court erred in awarding the father sole physical custody of the children despite his status as a registered sex offender. In her brief, the mother argues that the trial court violated "[t]he strong public policy of the State of Alabama ... to avoid placement of children with convicted sex offenders." Mother's brief, p. 41 (citing R.E.H. v. C.T., 327 So. 3d 248, 253 (Ala. Civ. App. 2020)).

---

[4]We interpret the award of "primary" physical custody to be an award of sole physical custody. Ala. Code 1975, § 30-3-151(5).

Analysis

Alabama has a strong public policy against adult sex offenders exercising physical custody of minor children, which is primarily expressed in the Alabama Sex Offender Registration and Community Notification Act ("the SORCNA"), Ala. Code 1975, § 15-20A-1 et seq. See Higgins v. Nationwide Mut. Ins. Co., 50 Ala. App. 691, 693, 282 So. 2d 295, 298 (Civ.), aff'd, 291 Ala. 462, 282 So. 2d 301 (1973) ("[T]he term 'public policy' of a State is nothing more or less than the law of the State, as found in its constitution and statutes and when they have not directly spoken, then in the decisions of the courts and in the regular practice of government officials.").

The SORCNA generally prevents an Alabama court from awarding custody of a child to an "adult sex offender," i.e., "[a] person convicted of a sex offense." Ala. Code 1975, § 15-20A-4(1). A "sex offense" includes a crime "committed in another state, ... if that jurisdiction also requires that anyone convicted of that crime register as a sex offender in that jurisdiction." Ala. Code 1975, § 15-20A-5(37). Thus, the term "adult sex offender" includes "[a]ny offender determined in any jurisdiction to be a sex offender ...." § 15-20A-5(38).

7

Section 15-20A-11(d), Ala. Code 1975, provides, in pertinent part: "No adult sex offender shall reside or conduct an overnight visit with a minor." Because, in most cases, an adult sex offender cannot reside with or engage in overnight visitation with a minor, an adult sex offender cannot exercise physical custody of a minor child. See R.E.H., 327 So. 3d at 253 ("This state-imposed separation of offenders and children necessarily renders the father unable to assume physical custody of the child.") In some circumstances, the SORCNA allows an adult sex offender to reside with his or her own minor children, but that exception does not apply if

> "(2) The adult sex offender has been convicted of any sex offense in which any of the minor children, grandchildren, stepchildren, siblings, or stepsiblings of the adult sex offender was the victim.
>
> "(3) The adult sex offender has been convicted of any sex offense in which a minor was the victim and the minor resided or lived with the adult sex offender at the time of the offense.
>
> "(4) The adult sex offender has been convicted of any sex offense involving a child, regardless of whether the adult sex offender was related to or shared a residence with the child victim."

§ 15-20A-11(d).[5]

---

[5]"Sex offense involving a child" means "[a] conviction for any sex offense in which the victim was a child or any offense involving child

If a parent has been convicted by another state of a sex offense involving a minor stepchild with whom he or she was residing at the time of the offense, whereby the parent is classified as an adult sex offender under Alabama law, § 15-20A-11(d) clearly and unambiguously precludes the parent from residing with, and having custody of, even his or her own children. Like its predecessor statute, the SORCNA does not contain any provision allowing a trial court to override the law based on its individualized determination that, despite a contestant's status as an adult sex offender, it would be in the best interest of the child to be placed with the adult sex offender. See, e.g., Ala. Code 1975, former § 15-20-26(c)(4) (the predecessor to § 15-20A-11(d)). The SORCNA prohibits an Alabama court from awarding custody of a child to an adult sex offender "regardless of the opinion of experts, lay persons, and the trial court that the ... sex offender does not pose a threat to the child." K.E.W. v. T.W.E., 990 So. 2d 375, 381 (Ala. Civ. App. 2007).

---

pornography." Ala. Code 1975, § 15-20A-4(27). "Sex offense involving a minor" means "[a] conviction for any sex offense in which the victim was a minor or any offense involving child pornography." § 15-20A-4(28).

9

It appears that the trial court should have applied the SORCNA in this case, but the trial court apparently did not consider the SORCNA in making its child-custody determination. "[T]he requirements of [the SORCNA] are mandatory and shall not be altered, amended, waived, or suspended by any court." Ala. Code 1975, § 15-20A-43. A trial court may not waive consideration of the SORCNA in a child-custody dispute.[6]

We were inclined to reverse the child-custody award in the divorce judgment for the trial court to enforce the SORCNA, but, before a court may apply a statute like the SORCNA to deprive a natural parent of the custody of his or her children, the parent is entitled to notice and an opportunity to be heard on the matter, see generally State v. Guidry, 105 Haw. 222, 238, 96 P.3d 242, 258 (2004), so that the party may raise any legal challenges to the enforceability of the statute. Although the SORCNA was briefly referenced in the trial-court proceedings with regard to the father's visiting with the children in Alabama, the mother did not request that the trial court enforce the SORCNA against the

---

[6]Based on the language in Ala. Code 1975, § 15-20A-43, this court cannot consider the requirements of the SORCNA to be waived on appeal based on Rule 28(a)(10), Ala. R. App. P.

father, and the trial court did not raise the SORCNA on its own motion in regard to the child-custody dispute; to this point, the father has not been provided an opportunity to contest the enforceability of the SORCNA.

Moreover, while this case has been on appeal, two judges of the United States District Court for the Middle District of Alabama have declared § 15-20A-11(d) to be unconstitutional, see McGuire v. Marshall, [Case No. 2:19-CV-174-WKW, May 23, 2024] ___ F. Supp. 3d ___ (M.D. Ala. 2024), and Henry v. Abernathy, 711 F. Supp. 3d 1300 (M.D. Ala. 2024), an issue that this court has not yet decided. See R.E.H., supra. Given the unusual posture of this case, we hold that is more prudent to remand the case for the trial court to provide the father an opportunity to raise any defenses he may have to the enforcement of the SORCNA and to have the trial court adjudicate the matter.

## Conclusion

For the foregoing reasons, we hereby remand the case to the trial court for it to conduct further proceedings consistent with this opinion. On remand, the parties shall be allowed to litigate the applicability, enforceability, and validity of the SORCNA, along with any defenses or

objections the father may raise regarding the SORCNA, and the trial court shall enter an amended final judgment addressing that issue and, if appropriate, redetermining who should be awarded custody. Upon a ruling on any timely postjudgment motions directed toward the amended final judgment, the trial court shall make a return to this court.

REMANDED WITH INSTRUCTIONS.

Moore, P.J., and Edwards, Hanson, and Fridy, JJ., concur.

Lewis, J., dissents, with opinion.

LEWIS, Judge, dissenting.

I respectfully dissent to the main opinion's decision to remand this cause with instructions.

In construing former § 15-20-26(c), Ala. Code 1975, which is the predecessor of § 15-20A-11(d), Ala. Code 1975, a part of the Alabama Sex Offender Registration and Community Notification Act ("the Act), § 15-20A-1 et seq., this court recognized that "[o]ur legislature has conclusively established as a matter of law that it is in the best interests of the children of this state to avoid any living arrangement with a person convicted of a sex offense committed against children." K.E.W. v. T.W.E., 990 So. 2d 375, 381 (Ala. Civ. App. 2007). This court further explained that "[t]he legislature has explicitly declared that the purpose behind the residency requirements of § 15-20-26 is 'to protect the public, especially children, from convicted criminal sex offenders' who, the legislature has found, pose a danger of recidivism. Ala. Code 1975, § 15-20-20.1." Id. The legislative purpose of the Act is now codified at § 15-20A-2, Ala. Code 1975, and similarly provides that the Act's residency requirements are for the purpose of "protect[ing] the public and, most importantly, promot[ing] child safety." Ala. Code 1975, § 15-20A-2(5). Unlike in

13

K.E.W., this case does not involve a modification of custody but, instead, involves an initial award of custody. However, the principles espoused in K.E.W. remain applicable. The standard used in determining an initial award of custody is the best-interest standard. This court in K.E.W. held that, as a matter of law, it is not in a child's best interest to reside with a sex offender.

I recognize that the United States District Court for the Middle District of Alabama recently held the residence restrictions set forth in § 15-20A-11(d) to be facially unconstitutional. McGuire v. Marshall, [Case No. 2:19-CV-174-WKW, May 23, 2024] ___ F. Supp. 3d ___ (M.D. Ala. 2024). However, "United States district court decisions are not controlling authority in this [c]ourt." Dolgencorp, Inc. v. Taylor, 28 So. 3d 737, 744 n.5 (Ala. 2009). This court may determine the constitutionality of an Alabama law independently of the United States District Court for the Middle District of Alabama. Here, though, neither party has challenged the constitutionality of § 15-20A-11(d). Therefore, I would not address that issue.

I note that E.L.C. ("the mother") did not contend at the trial-court level that § 15-20A-11(d) prevented the trial court from awarding N.J.C.

("the father") sole physical custody. Instead, the parties appeared to be of the understanding that, because the father lived in Georgia, § 15-20A-11(d) did not apply. However, the fact that the father resides in Georgia, where a child is permitted to reside with a sex offender, makes no difference here because the Alabama trial court had jurisdiction over the custody of the children in accordance with Ala. Code 1975, § 30-3B-201(a)(1), and Alabama trial courts must protect the children under its jurisdiction in accordance with Alabama legislative policy. See, e.g., K.E.W., supra; see also McDaniel v. McDaniel, 621 So. 2d 1328, 1330 (Ala. Civ. App. 1993) ("The court stands in the position of parens patria of children. … Its power is without limit so long as it serves the best interests of the children."); Ex parte Fann, 810 So. 2d 631, 638 (Ala. 2001) (noting that Alabama courts have a "duty to scrupulously guard and protect the interests of children"). Accordingly, I conclude that the trial court erred by not applying § 15-20A-11(d) in this case. Therefore, I would reverse the trial court's judgment to the extent that it awarded sole physical custody of the children to the father and remand this cause for further proceedings in accordance with this special writing. On

15

remand, I would instruct the trial court to allow the parties to make arguments before entering a new ruling.