## STATE OF CONNECTICUT *v.* HARRY RATHBURN

CIRCUIT COURT

FIFTH CIRCUIT
FILE NO. CR 5-35055

Memorandum filed August 22, 1968

*George J. Yudkin,* assistant prosecuting attorney, for the state.

*Harry Cohen,* of New Milford, for the defendant.

NORTON M. LEVINE, J. The record and the stipulation of counsel disclose the following sequence of events. On January 10, 1968, the defendant held a motor vehicle license as well as a motorcycle license. On January 10, 1968, his motor vehicle operating privileges were suspended by the commissioner of motor vehicles, hereinafter called commissioner, owing to a violation of § 14-147 of the General Statutes. Upon receipt of the standard

"suspension notice" from the commissioner, the defendant returned his motor vehicle license to the commissioner, as required, but did not send the commissioner the portion pertaining to motorcycles.

It is claimed that during the suspension period the defendant abstained from operating a vehicle other than a motorcycle under the portion of the license which he retained in his possession. He alleged his sincere belief that he was entitled to retain it.

The defendant was originally arrested in the fifth circuit on or about March 17, 1968, for operating a motorcycle without protective headgear. As of March 17, 1968, his suspension was still in force and effect. Subsequently, and on or about April 22, 1968, an additional charge was placed against the defendant, in this circuit, for operating while under suspension, in violation of General Statutes § 14-215. This charge arose out of the arrest on March 17, 1968.

The defendant has urged that there was no valid suspension of his right to operate a motorcycle pursuant to the notice of January 10, 1968. He has attacked the validity of the notice of suspension. He has alleged that the notice was vague and ambiguous and did not clearly and adequately inform him that not only his general motor vehicle, but his motorcycle, privileges and license were suspended.

Public Acts 1967, No. 807 (see General Statutes §§ 14-40a, 14-40b), established separate procedures for licensing motorcycle operators as contrasted with motor vehicle operators. In addition, § 3 of the act amended § 14-36 of the General Statutes, containing general provisions for licensing motor vehicle operators, by stating that the words "motor vehicle," as used in that section, should not be con-

strued to include "motorcycle." § 14-36 (e). The statutory distinction, however, in Public Act No. 807 was a limited one, and for a limited purpose. In the court's opinion, the amendment was primarily to make it clear that the procedure for examination of motorcycle operators would henceforth be a separate matter, in contrast to examination of motor vehicle operators in general. Nothing in Public Act No. 807, either expressly or by fair implication, was intended to affect or impair the suspension provisions of § 14-215. Section 14-1 (26) of the General Statutes contains a very broad definition of motor vehicles. Section 14-1 (25) defines a motorcycle, in fact, to be a *"motor vehicle* having not more than three wheels in contact with the ground . . . [italics supplied]." It is clear, from the foregoing, that a motorcycle is included within the overall definition of a motor vehicle for general application of the motor vehicle statutes.

Turning to § 14-215, it provides that no person whose operator's license has been suspended shall operate "any motor vehicle" during the period of such suspension. Finally, the suspension notice sent to the defendant states in part, "You must not again operate *a motor vehicle,* until your license has been reinstated." (Italics supplied.)

It is the court's opinion that the enactment of Public Act No. 807 for the limited and specific purpose of issuance of a motorcycle license did not impair or destroy the validity of the suspension notice sent to the defendant under § 14-215. That notice clearly informed the defendant that his right to operate "a motor vehicle" had been suspended. The defendant must be presumed, in common with everyone else, to know the law and the statutory definitions contained therein. See General Statutes § 14-212.

If we carry the defendant's claim to its ultimate conclusion, it would mean that there is no clear and workable statutory procedure, at this time, for suspension of a motorcycle operator's license, because of legislative error or otherwise. Nothing in the statutes, or the court's research, persuades the court that this is a fair or logical result.

Accordingly, it was the defendant's obligation, on receipt of the original suspension notice, to return both the motor vehicle license and the motorcycle license documents to the commissioner and, furthermore, to abstain from operating all motor vehicles, including a motorcycle, during the period of his suspension. Because of the defendant's operation of a motorcycle while under suspension, it is the court's finding that the charge is a valid one against the defendant and has been duly proven in accordance with law.

The court, therefore, concludes that the defendant is guilty, as charged, of a violation of § 14-215 of the General Statutes.