■ RAYMOND EARLY, Individually, and as Natural Guardian of Infant, HELEN EARLY, Appellant, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.— Appeal from an order of the Supreme Court, Suffolk County, entered September 24, 1968, which denied petitioner's application for leave to submit to arbitration the infant petitioner's claim against respondent. Order reversed, on the law and the facts, with $10 costs and disbursements, and application granted. The infant claimant was injured by a motor scooter operated by a youth who had found it in the woods, without license plates and apparently abandoned. The owner of the motor scooter has not been located or identified and it has been impounded by the police as found property. An attempt to learn the owner's identity through the State Bureau of Motor Vehicles proved abortive because the bureau could not make a search without the license plate number. The infant claimant served a notice of claim pursuant to the MVAIC endorsement in her father's automobile liability insurance policy, which insured against damages for bodily injuries caused by "uninsured automobiles". When that claim was not settled, the instant application was made. MVAIC opposed the motion on the grounds (a) that the claimant had not established that the motor scooter was uninsured and (b) that the endorsement did not cover injuries caused by a motor scooter. Special Term denied the motion on the latter ground. In our opinion Special Term erred in denying the motion. On this record we believe that it was sufficiently established that at the time of the accident the motor scooter was uninsured, or stolen, or operated without the owner's consent; or, perhaps,

that a combination of all, or two, of those situations then existed. In any of those cases, the claim would come within the ambit of subdivision 2-a of section 167 of the Insurance Law. We also believe that the policy endorsement's coverage of "uninsured automobiles" includes an uninsured motor scooter, since that statute requires that all policies provide MVAIC coverage for injuries caused by an "uninsured motor vehicle"; the term "motor vehicle" includes a "motor scooter"; and said statute also requires that any policy not containing its provision for MVAIC coverage must be construed as if the provision were embodied in the policy (*Matter of Askey* [*General Acc. Fire & Assur. Corp.*], 30 A D 2d 632; *Voris v. Pacific Ind. Co.*, 213 Cal. App. 2d 29; cf. *Shipley v. American Standard Ins. Co. of Wis.*, 183 Neb. 109; *Hartford Acc. & Ind. Co.* v. *Come*, 100 N. H. 177; Insurance Law, § 167, subd. 2-a; § 601, subd. a; Vehicle and Traffic Law, §§ 123, 124, 125). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Kleinfeld, JJ., concur.