**A. L. HOWARD, Father and Next Friend of Freddie Ray Howard, a Minor, Plaintiff,**

v.

**GRAIN DEALERS MUTUAL INSURANCE COMPANY, Defendant,**

v.

**Walter J. Grimes, Third-Party Defendant.**

**No. F–71–C–4.**

United States District Court, W. D. Arkansas, Fayetteville Division.

May 26, 1972.

Jerry Lee Canfield, of Daily, West, Core & Coffman, Fort Smith, Ark., for plaintiff.

Michael G. Thompson, of Smith, Williams, Friday, Eldredge & Clark, Little Rock, Ark., for defendant.

P. H. Hardin, of Hardin, Jesson & Dawson, Fort Smith, Ark., for Walter J. Grimes.

## OPINION

JOHN E. MILLER, Senior District Judge (Sitting by Designation).

There is before the court cross motions for summary judgment. The motion of defendant was filed April 4, 1972. On May 3, 1972, plaintiff filed his response to the motion of defendant, together with his motion for summary judgment against defendant on the limited issue of whether the defendant insurer has extended uninsured motorist coverage to the plaintiff.

The complaint was filed October 26, 1971, by A. L. Howard, father and next friend of Freddie Ray Howard, a minor (Freddie Ray). It is alleged that he is and was a citizen and resident of Benton County, Arkansas; that the defendant, Grain Dealers Mutual Insurance Company (defendant), is a corporation organized and existing under the laws of the State of Indiana and is authorized to do business in Arkansas but with no principal place of business in Arkansas; that the matter in controversy exceeds $10,000, exclusive of interest and costs; that an accident occurred on April 23, 1969, involving Freddie Ray Howard, the minor son of plaintiff, who was living in the same household with plaintiff and therefore an insured under the policy of defendant, with a vehicle driven by Walter J. Grimes, an uninsured motorist within the definition of defendant's insurance policy; that Walter Grimes was negligent and that Freddie Ray suffered severe and permanent injuries; and that under the terms of the policy plaintiff is entitled to reimbursement in the sum of $10,000. That defendant had issued its policy No. ACE 4 28 92 to A. L. Howard prior to the time of the accident and that it was in full force and effect on April 23, 1969, the date of the accident.

In addition, plaintiff alleged that the policy issued by defendant provided for payments for medical expenses to an insured in the sum of $2,000, and that A. L. Howard has incurred medical expenses far in excess of $2,000 as a result of the injuries to his son. That because of defendant's action in withholding payment under the terms of the policy, he is entitled to recover the amount of his loss, $12,000, and, pursuant to Ark.Stat.Ann., § 66–3238, penalties in the sum of 12 percent of his damages, and all reasonable attorney's fees for prosecution and collection of said loss.

On December 13, 1971, the defendant filed its answer admitting that its policy was in effect on April 23, 1969, but alleging that any injuries received by Freddie Ray were proximately caused by his own negligence and bar any right of recovery.

On January 20, 1972, the defendant filed a motion requesting the court's permission to file a third-party complaint for judgment against Walter J. Grimes, the alleged uninsured motorist, in the sum which defendant might be adjudged liable to plaintiff. The court granted the motion, and on the same day the third-party complaint was filed.

On February 9, 1972, the third-party defendant filed his answer denying any negligence on his part, and alleged that the court has no jurisdiction over him, or the subject matter of the third-party complaint since this defendant has paid plaintiff nothing at this point.

The defendant in its motion for summary judgment admitted that Freddie Ray was riding on a motorcycle at the time of the accident; that A. L. Howard was the holder of a special combination automobile policy issued by the defendant, which afforded uninsured motorist coverage to the said A. L. Howard and members of his family, and that Freddie Ray suffered personal injuries in the aforementioned collision.

The defendant further stated that it is undisputed that the motorcycle that Freddie Ray was riding was owned by A. L. Howard, and that it was not an insured vehicle under the policy; that under the exclusionary language of its policy the plaintiff is not afforded uninsured motorist coverage; and that since there is no genuine issue of material fact, the defendant and third-party plaintiff is entitled to summary judgment as a matter of law.

In the response to the motion for summary judgment of the insurer, plaintiff admitted that the exclusionary clause as alleged by the defendant in its motion is the correct *wording* in the policy in question, and that the motorcycle driven by plaintiff's son was owned by the plaintiff and was not an insured vehicle listed in the policy.

Plaintiff agreed that there was no genuine issue as to any material fact, but strenuously argues that the exclusionary provision of the policy should not be applied to exclude coverage to the plaintiff.

In the policy under the "Exclusions" section the following appears:

"Exclusions: This policy does not apply:

\* \* \* \* \* \*

"(q) to bodily injury to an insured while occupying a *highway vehicle* (other than an insured automobile) owned by the named insured or by any person resident in the same household who is related to the named insured by blood, marriage or adoption, or though being struck by such a vehicle;" (Emphasis supplied.)

Attached to the motion of the defendant insurer is the affidavit of A. H. Ferrari, Manager of the Automobile and Casualty Claims Department of the Western Department of Grain Dealers Mutual Insurance Company. In the affidavit Mr. Ferrari stated that the policy issued to plaintiff was in full force and effect on April 23, 1969, and that said policy had been submitted to the Insurance Department of the State of Arkansas in 1962 and the form of the policy was approved by the Insurance Commissioner on November 13, 1962.

Attached to the motion of plaintiff is a certificate from the State Insurance Commissioner stating that there have been no additions, corrections or deletions, nor has any action been requested or taken by the Insurance Department concerning said policy since November 13, 1962. Also attached was a copy of the policy. Exhibit B to the plaintiff's motion is a letter dated April 22, 1970, from the Insurance Department to Mr. Eldon F. Coffman, attorney of record for plaintiff, the pertinent section of which is as follows:

"We have your letter of April 20, 1970, regarding the provisions under the uninsured motorist coverage of the Grain Dealers Mutual Insurance Company. The coverage, as approved by this Department, is standardized, which means there is no variation regardless of the company policy or endorsement. I am attaching two copies of the endorsement and call your attention to two amendments."

Exhibit C to the plaintiff's motion is the endorsement approved by the Insurance Department. In the endorsement the exclusion relied on by the plaintiff is stated as follows:

"This endorsement does not apply:

\* \* \* \* \* \*

"(b) to bodily injury to an insured while occupying an *automobile* (other than an insured automobile) owned by a named insured or any

relative resident in the same household, or through being struck by such an automobile * * *." (Emphasis supplied.)

Both parties have submitted briefs in support of their contentions, and the court has considered all of the pleadings, exhibits and other matters of record, together with the briefs.

Jurisdiction based on diversity of citizenship and the amount in controversy exists.

There is no dispute between the parties as to any material fact. It is agreed that Freddie Ray is an insured under the policy; that the policy was in full force and effect on the date of the accident; that Freddie Ray suffered personal injuries as a result of the accident; and that the accident involved an uninsured motorist, Walter J. Grimes, the third-party defendant. The question before the court is whether the exclusionary clause in the policy controls or whether the form of exclusionary clause set out by the Insurance Commission of the State of Arkansas controls.

The defendant in its brief contends that the only question to be decided is whether or not the exclusionary language in the policy prevents plaintiff from recovering. The defendant argues that the exclusion limiting uninsured motorist coverage when an insured is occupying a highway vehicle other than an insured automobile owned by the named insured is proper, and by its terms denies coverage to the plaintiff under the facts. Defendant cites the cases of Owens v. Allied Mutual Ins. Co., (1971) 15 Ariz.App. 181, 487 P.2d 402; and McElyea v. Safeway Ins. Co., (1970) Ill.App., 266 N.Ed.2d 146, for the principle that the exclusionary clause is valid and not repugnant to public policy.

The defendant also contends that an obligation under an insurance contract is contractual in nature, and that as long as there is no ambiguity in the terms of the contract, the court should interpret the contract in line with its intended effect, the effect in this case being to exclude the insured from coverage while occupying a highway vehicle owned by the insured other than an insured automobile. The defendant further contends that a motorcycle is within the term "highway vehicle" which is defined in the policy as a "land motor vehicle." State v. Rathburn, (1968) 5 Conn.Cir. 219, 249 A.2d 262; Kershaw v. Lumbermens Mutual Cas. Co., (1963) 2 Conn. Cir. 164, 196 A.2d 817; Lalomia v. Bankers & Shippers Ins. Co., (1970) 35 A.D. 2d 114, 312 N.Y.S.2d 1018; Early v. Motor Vehicle Accident Indemnification Corp., (1969) 32 A.D.2d 1042, 303 N.Y. S.2d 709; Woods v. Progressive Mutual Ins. Co. (1968) 15 Mich.App. 335, 166 N.W.2d 613. The final contention of the defendant is that since the Insurance Commission approved the form of the policy on November 13, 1962, and such approval has never been withdrawn, the language of the policy is applicable to this case.

Plaintiff agrees that the literal language in the policy excludes coverage in the case, but contends that the wording of the exclusionary clause is inapplicable for the following reasons:

"(1) Defendant has not had the wording of such exclusionary clause approved by the Arkansas Insurance Department after the adoption of the Arkansas Uninsured Motorist Statute and thus the coverage purchased by plaintiff should not be limited by the exclusion; and (2) the wording of the exclusion materially differs from the wording of the standard Arkansas Uninsured Motorists Endorsement approved by the Arkansas Insurance Department for use in the State of Arkansas in that the term 'Highway Vehicle' has been inserted in the policy exclusion section whereas the term 'automobile' is used in the exclusionary clause in the standard Arkansas Uninsured Motorists Endorsement."

Since the defendant never submitted the form of its policy for approval to the Insurance Commissioner as required by the statute after its enactment in 1965, the plaintiff relies on the section

of the statute which states that uninsured motorist coverage must be provided under the provisions filed with and approved by the Insurance Commissioner. Plaintiff cites 1 Couch, Cyclopedia of Insurance Law, § 3:11, p. 133 (2d Ed. 1959), in support of this contention. He further contends that if the court does not wish to dispose of the exclusionary clause altogether, that it should at least substitute the word "automobile" in the place of the words "highway vehicle," since the approved endorsement says "automobile." The argument is that since a motorcycle is not an automobile, the exclusionary clause would not exclude coverage to the plaintiff. Phillips v. Midwest Mutual Ins. Co., (W.D.Ark. 1971) 329 F.Supp. 853; Neighbors v. Life & Cas. Ins. Co., (1930) 182 Ark. 356, 31 S.W.2d 418.

The pertinent part of Ark.Stat.Ann., § 66–4003, is as follows:

" * * * under provisions filed with and approved by the Insurance Commissioner * * *."

The defendant presented its special package automobile form to the Insurance Commission, including the exclusion in question in this court, for approval in 1962. It was approved by the Insurance Commission on November 13, 1962, and Ark.Stat.Ann., § 66–4003, was Act 464 of 1965 before codification. No action has been taken by the Insurance Commission or the defendant insurer since November 13, 1962, regarding the package form or any clause therein. The court must look to the legislative purpose for providing uninsured motorist coverage and the terms of the exclusion itself to determine whether the fact that the policy, including the uninsured motorist section, was not submitted and approved with the Insurance Commission after the statute became effective in 1965 would prevent the defendant insurer from relying on its terms.

The purpose of providing the mandatory offering of uninsured motorist coverage is to provide those who purchase liability insurance with protection for injuries caused by persons who did not purchase liability coverage and persons who are financially unable to pay for the damages as a result of their negligence while driving uninsured automobiles. See Childers v. Southern Farm Bur. Cas. Ins. Co., (E.D.Ark.1968) 282 F.Supp. 866. The purpose of the exclusion in the defendant insurer's policy is to limit coverage when an insured owns more than one motor vehicle and the other owned motor vehicle is not covered by any liability insurance with uninsured motorist provisions. The court is of the opinion that the reason for the requirement that the insurer submit and have approved the terms of the uninsured motorist coverage by the Insurance Commission is to ascertain that the terms of the insuring agreement pertaining to uninsured motorist coverage provide the protection that the Legislature intended. The exclusion in the defendant insurer's policy limiting coverage to an insured while occupying motor vehicles owned by the insured which were listed in the policy is not incompatible with the statute or the legislative purpose providing uninsured motorist protection. The fact that the policy was not submitted with and approved by the Insurance Commission after the statute became law is only important if the terms of the policy in some way violated the provisions requiring the offering of uninsured motorist protection, and obviously they did not.

In the case of Childers v. Southern Farm Bur. Cas. Ins. Co., supra, later vacated for other reasons, the court said at page 868:

"Clearly the basic purpose of Act 464 of 1965 (codified as Ark.Stats. Ann. 66–4003) was to enable Arkansas motorists purchasing automobile insurance to obtain for an additional premium protection against death or injuries at the hands of an uninsured motorist as they would have had if that motorist had obtained for himself the minimum coverage required by the Safety Responsibility Act."

This is the principal theory and basic rationale for the mandatory offering of uninsured motorist coverage in Arkansas. See Vaught v. State Farm Fire & Cas. Co., (8 Cir. 1969) 413 F.2d 539, and Alexander v. Pilot Fire & Cas. Ins. Co., (E.D.Ark.1971) 331 F.Supp. 561. Ark. Stat.Ann., § 66–4003, provides in part:

"No automobile liability insurance, covering liability * * * or the use of any motor vehicle shall be delivered or issued for delivery in this State * * * unless coverage is provided therein * * * from owners or operators of uninsured motor vehicles."

In this case A. L. Howard did not take out any liability insurance on the motorcycle owned by him and ridden by his son at the time of the accident herein. He cannot rely on the above statute because he did not attempt to take out any liability insurance on the motorcycle. The exclusionary language which plaintiff suggests the court substitute for the clause relied on by the defendant insurer would not provide coverage for plaintiff if his son had been driving an automobile owned by plaintiff but not listed in the policy, and no reasons are advanced by the plaintiff why the court should find that in accordance with the statute, which refers to "motor vehicles," an exclusion within an insurance policy should be limited to automobiles alone. Plaintiff clearly did not wish to have any liability coverage on the motorcycle, and until the Arkansas Supreme Court adopts a theory of personal protection in the application of provisions of uninsured motorist coverage, there is no reason why an insurer cannot limit his coverage of vehicles owned by the insured to the insured automobile or motor vehicle only. The plaintiff chose not to insure the motorcycle owned by him; therefore, the court will not extend the uninsured motorist coverage in the liability insurance policy providing protection on an owned automobile to the motorcycle by modifying the exclusionary language of the policy since the exclusion is in accord with the provisions of the Arkansas statutes previously mentioned.

Plaintiff also contends in the alternative that the exclusion contained in the policy violates the public policy of the State of Arkansas, as expressed in the applicable statute. Ark.Stat.Ann., § 66–4003, enacted in 1965, reads in part as follows:

"No automobile liability insurance * * * shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto, in not less than limits described in Section 27 of Act 347 of 1953 [§ 75–1427], as amended, under provisions filed with and approved by the Insurance Commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * *."

Although the plaintiff cites many cases from several different state courts, it is the opinion of the court that this argument is totally without merit for the reason that the exclusion in the form approved by the Insurance Commission includes an exclusion virtually identical to that of the policy in question except that it uses the word "automobile" whereas the defendant's policy uses the words "highway vehicle." The cases cited by the plaintiff reflect a trend followed by certain state courts to provide uninsured motorist coverage to all of the insureds within the terms of a policy regardless of location, conditions or circumstances at the time of the injury. In other words, a type of personal insurance protection not related to the automobile which is insured. It is obvious that this is not the intent of the Arkansas provision for uninsured motorist coverage.

Therefore, the terms of the defendant insurer's policy will govern the disposition of this case as written by defendant insurer. The son of the plaintiff, a member of plaintiff insured's household and an insured under the terms of the policy, was injured in an accident with an uninsured motorist

while riding a motorcycle owned by the plaintiff but not insured by the defendant or any other insurance company. The policy provided that there would be no coverage under the uninsured motorist provisions "to an insured while occupying a highway vehicle (other than an insured automobile) owned by the named insured." These terms are clear and unambiguous, and no coverage under defendant's policy exists for the son of the plaintiff while riding on the motorcycle owned by the plaintiff, since the motorcycle is a highway vehicle other than an insured automobile owned by the named insured.

In accordance with the above, judgment is being entered today granting the motion of the defendant insurer for summary judgment, denying the motion of the plaintiff for summary judgment, dismissing the complaint of the plaintiff, and dismissing the third-party complaint of defendant and third-party plaintiff, with costs to the defendant.