TIMOTHY WILSON *v.* CENTRAL SPORTS, INC.

SUPERIOR COURT   JUDICIAL DISTRICT OF   FILE NO. 76496
NEW LONDON

Memorandum filed July 18, 1984

*Leone, Throwe, Teller & Nagle,* for the plaintiff.

*Block & Baker,* for the named defendant.

*Halloran, Sage, Phelon & Hagarty,* for the defendant American Honda Motors Company.

F. MCDONALD, J. The complaint alleges that the plaintiff purchased a motorcycle from the defendant which was returned for repairs on three separate occasions. The motorcycle was out of service by reason of

repair for over four months in 1982. After making demand upon the defendant and the manufacturer for return of the purchase price, the plaintiff brought this action. He claims that General Statutes § 42-179, the so-called Lemon Law, applies to his case.

The defendant has moved to strike the plaintiff's complaint in its entirety arguing that motorcycles do not fall within the scope of this statute.

A motion to strike tests the legal sufficiency of a pleading. Practice Book § 152; *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.*, 179 Conn. 541, 545, 427 A.2d 822 (1980). All well pleaded facts contained in the challenged pleadings are deemed admitted and the allegations must be construed in the light most favorable to the nonmoving party. *Amodio* v. *Cunningham,* 182 Conn. 80, 82–83, 438 A.2d 6 (1980).

A motor vehicle is defined in General Statutes § 42-179 (a) as "a passenger motor vehicle or a passenger and commercial motor vehicle, as defined in subdivision (35) and (36) of section 14-1, which is sold in this state." Passenger motor vehicle "means a motor vehicle having a capacity of carrying not more than ten passengers, designed and used for the purpose of transporting persons with their necessary personal belongings." General Statutes § 14-1 (35). The definition of "motor vehicle" in title 14 (motor vehicles) can be interpreted to include motorcycles. General Statutes § 14-1 (26).

The defendant argues, however, that because "motorcycle" is also defined in title 14, the General Assembly's failure to include this definition in the Lemon Law evidences an intent to exclude motorcycles from coverage under the act. See General Statutes § 14-1 (25). The Supreme Court has had occasion to consider a similar issue involving the uninsured motorist coverage statute, General Statutes § 38-175c. In *Citrano* v. *Berkshire*

*Mutual Ins. Co.,* 171 Conn. 248, 368 A.2d 54 (1976), the court held that while the statute used the term "motor vehicle," the definitions of title 14 were broad enough to encompass motorcycles, notwithstanding the separate definition of "motorcycle." Id., 256. In construing the definitions of title 14, the *Citrano* court relied on the following rule of statutory construction: " 'There is a presumption that the legislature, in enacting a law, did so in view of existing relevant statutes and intended it to be read with them so as to make one consistent body of law.' " *Citrano* v. *Berkshire Mutual Ins. Co.,* supra, 255, quoting *Cicala* v. *Administrator,* 161 Conn. 362, 365, 288 A.2d 66 (1971); see also *State* v. *Rathburn,* 5 Conn. Cir. Ct. 219, 221, 249 A.2d 262 (1968).

Similarly, a reading of the various definitions in title 14, particularly those specified by the Lemon Law, compels the conclusion that the term "motor vehicle" includes motorcycles. While a review of the legislative history of the Lemon Law reveals no indication that motorcycles were intended to be included within the scope of the act, such evidence is not necessary when statutes are unambiguous. "If the language of the statute is clear, it is assumed that the words themselves express the intention of the legislature and there is no room for judicial construction of the statute." *Mazur* v. *Blum,* 184 Conn. 116, 118–19, 441 A.2d 65 (1981).

Based on the language of the relevant statutes as well as the Supreme Court's interpretation of such laws in a similar context, it is held that motorcycles fall within the Lemon Law's definition in the Lemon Law of "motor vehicle."

Accordingly, the defendant's motion to strike is denied.