**Dode DAVIS, Individually & as father & next friend of Ty Davis, a minor, Appellant,**

v.

**Conrad BEAN; Transamerica Insurance Corporation of America, Appellees.**

**No. 86–1345.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1986.

Decided Nov. 7, 1986.

Rehearing Denied Dec. 9, 1986.

Troy Henry, Jonesboro, Ark., for appellant.

Bill Penix, Jonesboro, Ark., for appellees.

Before HEANEY and BOWMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

PER CURIAM.

Plaintiff Dode Davis, suing on behalf of his minor son Ty Davis, appeals from a judgment on the pleadings in favor of Transamerica Insurance Corporation of America (Transamerica). In holding for Transamerica, the District Court rejected Davis's argument that the portion of Transamerica's uninsured motorist coverage policy which denied recovery to "covered" persons injured by vehicles owned by themselves or their families was void as against public policy. Instead, the court applied the language of the insurance contract and denied recovery to Davis. On appeal, Davis seeks to have that exclusion declared void as a violation of the Arkansas uninsured motorist coverage statute, Ark. Stat.Ann. § 66–4003 (Supp.1985), or, more generally, as against public policy. We affirm the holding of the District Court.

On December 23, 1983, Ty Davis, the natural son of the named plaintiff, Dode Davis, suffered a broken pelvis and other injuries when the truck owned and driven by his stepfather, Conrad Bean, slid off an icy road. At the time of the accident, Marian Bean (Ty Davis's mother) and Conrad Bean were married and living together and Ty Davis resided with them. The truck was insured under a liability policy issued to Marian and Conrad Bean by Transamerica on December 15, 1983. The policy issued to the Beans included uninsured motorist coverage, for which they paid an additional premium. Recovery for Ty Davis's medical expenses was sought initially under the liability provisions of the policy, but was denied based on an exclusion in the policy denying coverage for bodily injury "to any person who is related by blood ... if that person resides in your household at the time of the loss." Ty Davis was found ineligible under this term. Thereafter, Davis sought to recover under the uninsured motorist provisions of the policy (under which Ty Davis qualified as a "covered" person) but was again denied coverage, this time based on an exclusion which stated, " 'Uninsured motor vehicle' does not include any vehicle ... owned by you or any family member." Davis brought suit against Transamerica seeking to have this exclusion declared void as an illegal limitation of the statutory coverage mandated by the Arkansas uninsured motorist statute or, more generally, as against Arkansas public policy.

As the District Court noted, this issue of Arkansas law has not been addressed previously by an Arkansas court. When controlling state precedent is lacking, we must accord substantial deference to the District Court's interpretation of state law. *Webb v. Voirol*, 773 F.2d 208, 212 (8th Cir.1985). The District Court observed that Arkansas courts will declare "exclusions and limitations of liability under uninsured motorist policies to be void and against public policy when they attempt to reduce the uninsured motorist protection prescribed and required by law." Order at 5. However, the District Court held that here the language of

the policy does not violate the statute and is not against public policy. The court reasoned that language in a supplemental portion of the uninsured motorist statute, which refers to "other automobile," while not directly applicable, is indicative of the Arkansas legislature's intent that uninsured motorist coverage should apply only where injury is the result of a collision involving the insured's car and a car owned by an uninsured motorist, and that uninsured motorist coverage should not apply where the accident involves the insured's car only. Order at 8–9 (citing Ark.Stat. Ann. § 66–4003(b) (Supp.1985)).

We cannot say that the District Court's determination of this uncertain point of Arkansas law is "fundamentally deficient in analysis or otherwise lacking in reasoned authority." *Ancom, Inc. v. E.R. Squibb & Sons Inc.*, 658 F.2d 650, 654 (8th Cir.1981). On the basis of the District Court's well-reasoned opinion, we affirm its judgment.

AFFIRMED. *See* 8th Cir. R. 14.