## Arleva PAYNE v. FARM BUREAU MUTUAL INSURANCE COMPANY OF ARKANSAS, INC.

88-158                                    768 S.W.2d 543

### Supreme Court of Arkansas
### Opinion delivered May 1, 1989

*Gary Eubanks & Associates,* by: *Hugh F. Spinks* and *James Gerard Schulze,* for appellant.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.,* by: *Ralph R. Wilson,* for appellee.

DAVID MADDOX, Special Justice. This case involves the interpretation of the Arkansas Uninsured Motorist Act, Ark. Code Ann. §§ 23-89-401—23-89-405 (1987), and the construction of a contract of insurance. Appellant was a passenger in an automobile being operated by an insured of the appellee, Farm Bureau Mutual Insurance Company of Arkansas, Inc., when a collision occurred. There were others injured in the collision in addition to appellant. The insured, Armenda Mathis, had insurance coverage in the amount of $25,000.00 per person and $50,000.00 per occurrence through the appellee. Appellee settled two claims for a total of $43,000.00, and appellant obtained a judgment against the insured, Armenda Mathis, for $17,500.00. Appellee tendered the sum of $7,000.00 to appellant contending that was the full extent of its liability and coverage amount of $50,000.00 per occurrence. Appellant argued that Armenda Mathis became an uninsured motorist to the extent of the unsatisfied judgment of $10,500.00 and brought suit. The trial court granted summary judgment in favor of the appellee.

The question presented to this court is whether a

motorist who carries at least the minimum amount of insurance required by the Motor Vehicle Safety Responsibility Act, Ark. Code Ann. §§ 27-19-601—27-19-621 (1987), becomes an unsured motorist if the policy limits become exhausted. We believe not.

Appellant did not purchase nor contract with the appellee to purchase uninsured motorist coverage. Appellee's insured Armenda Mathis did, however, purchase uninsured motorist coverage. The purpose of uninsured motorist coverage is to protect the appellee's insured from financially irresponsible motorists. *Childers* v. *Southern Farm Bureau Casualty Insurance Co.*, 282 F. Supp. 866 (E. D. Ark. 1968). *See also Howard* v. *Grain Dealers Mutual Insurance Co.*, 342 F. Supp. 1125 (W. D. Ark. 1972); *First Security Bank* v. *Doe*, 297 Ark. 254, 760 S.W.2d 863 (1988); *Aetna Insurance Company* v. *Smith*, 263 Ark. 849, 854, 568 S.W.2d 11, 14 (1978). In appellee's policy, an uninsured auto is one defined as:

> 1. An auto not insured by a liability policy or bond at the time of accident;
>
> 2. An auto which is insured by a liability policy or bond at the time of the accident but the liability limits are less than the minimum amounts required by the financial responsibility law in the state where your policy is issued;
>
> 3. A "hit and run" auto, whose owner or driver remains unknown, which has actual physical contact with you or other covered persons, or the auto being occupied. Your injury must be a result of the accident. You must report a "hit and run" accident within 24 hours to the police. You must file with us in thirty (30) days a statement about the accident and all damages claimed. The auto you were in at the time of the accident must be available for our inspection;
>
> 4. An auto for which the insuring company becomes insolvent within one year from the date of the accident and is unable to make payment.

Armenda Mathis was not a financially irresponsible motorist. She had purchased the required coverage and that amount of money was available to the claimants as a group.

She was not an uninsured motorist simply because her policy limits were exhausted. There are provisions in the law and in appellee's contract of insurance to provide relief if a claim is not paid because of the insolvency of an insurance company or if a motorist failed to carry the minimum coverage required by the Motor Vehicle Safety Responsibility Act. However, neither of those apply in this case.

Armenda Mathis was not by definition an uninsured motorist nor was she operating an uninsured automobile, and appellee has no exposure under the uninsured motorist provision of its contract.

Affirmed.

GLAZE, J., not participating.