## SHELTER MUTUAL INSURANCE COMPANY
*v.* Nancy TONEY, Guardian of Lucille Baker

89-204                                           776 S.W.2d 362

Supreme Court of Arkansas
Opinion delivered September 25, 1989

*Matthews, Sanders, Liles & Sayes*, by: *Marci Talbot Liles*, for petitioner.

*Murrey L. Grider*, for respondent.

PER CURIAM. Lucille Baker and others were passengers in an automobile driven by Perry Baker. The driver of the car with which the Baker car collided was uninsured. Perry Baker was insured by Government Employees Insurance Company. His policy contained uninsured motorist coverage limited to $25,000

per person and $50,000 per accident. Lucille's share of the recovery under Perry's policy was $2,950. Lucille was covered personally by a policy issued by Shelter Mutual Insurance Company which also contained uninsured motorist coverage in the amount of $25,000 per person. She sought to collect from Shelter the difference between that which she had collected from GEICO and $25,000. The trial court awarded summary judgment to Shelter on the basis of its interpretation of the "other insurance" clause in the Shelter policy. The court of appeals reversed and remanded the case, interpreting the "other insurance" clause and holding that, pursuant to it, Lucille was entitled to recover from Shelter because the only coverage "available" to her under the GEICO policy was in the amount of $2,950.

We are asked to review this decision because it allegedly conflicts with our decision in *Payne v. Farm Bureau Mut. Ins. Co. of Arkansas, Inc.,* 298 Ark. 540, 768 S.W. 2d 543 (1989). There is no conflict. In the *Payne* case the question was whether a motorist was "uninsured," and our opinion considered the important question of who qualifies as an uninsured motorist under Ark. Code Ann. §§ 23-89-401 through 23-89-405 (1987). Here, the question involves interpretation of an insurance policy "other insurance" clause to determine whether other insurance was "available" to the insured.

Even if we found a conflict between the decisions, we would deny the petition. Arkansas Supreme Court and Court of Appeals Rule 29.6.; *Moose v. Gregory,* 267 Ark. 86, 590 S.W.2d 662 (1979).

Petition denied.

PURTLE and GLAZE, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. This appeal should have been lodged in the Supreme Court in the first place because it involves the interpretation of the Arkansas Uninsured Motorist Coverage Act, Ark. Code Ann. § 23-89-401—405 (1987). The decision also involves the interpretation of the Underinsured Motorist Coverage Act codified at Ark. Code Ann. § 23-89-209 (Supp. 1987).

On May 1, 1989, this court published its opinion in *Payne v. Farm Bureau Mutual Insurance Co.,* 298 Ark. 540, 768 S.W.2d

543 (1989). The Arkansas Court of Appeals rendered an unpublished opinion in *Nancy Toney, Guardian of Lucille Baker* v. *Shelter Mutual Insurance Co.*, on June 28, 1989. The two opinions are conflicting.

As a result of these holdings, appellants in future cases may proceed under either theory. The Court of Appeals would reach one result, while this court would reach another. Thus, smart lawyers will maneuver their cases into the appropriate appellate forum for the desired result.

GLAZE, J., joins this dissent.