James PARDON, Sr. and Imalene Pardon and James Pardon, Jr., Individually, and James Pardon, Jr., Administrator of the Estate of David R. Pardon, Deceased v. SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY

93-660                                       868 S.W.2d 468

Supreme Court of Arkansas
Opinion delivered January 18, 1994

*Bridewell & Bridewell*, by: *Laurie A. Bridewell*, for appellants.

*Wright, Chaney, Berry & Daniel, P.A.*, by: *William G. Wright*, for appellee.

· TOM GLAZE, Justice. On the evening of April 22, 1989, David Pardon, Christopher Thomas, and David Smith were riding in Pardon's 1988 Ford pickup when it overturned, killing Pardon and Thomas. At the time of the accident, the truck was insured by the appellee Southern Farm Bureau Casualty, Inc. for both liability and uninsured motorist coverages. For purposes of this litigation as it involves summary judgment, the parties agree that Thomas was driving and was uninsured at the time of this tragic accident.

Under Pardon's liability coverage, Southern Farm was liable to pay for bodily injury for which Pardon was legally obligated to pay due to an accident arising out of the use of his truck. Pardon, however, was excluded from liability coverage since he was owner of the truck. Under the uninsured motorist provision of Pardon's policy, Southern Farm was liable to pay for bodily injury damages to which Pardon was entitled to collect from an owner or driver of an uninsured automobile. The policy defined an uninsured automobile as one not insured by a liability policy at the time of the accident.

Pardon's estate brought suit against Southern Farm and alleged that, because Thomas was uninsured and Pardon was excluded by the terms of his liability policy, Pardon (his estate) was entitled to recover under the uninsured motorist provision of his policy. Southern Farm answered and subsequently filed a motion for summary judgment, asserting that Pardon's truck was an insured auto since it was covered under the liability portion of Pardon's policy and therefore the uninsured motorist coverage provision was inapplicable. The court granted Southern Farm summary judgment, and Pardon's estate appeals from that decision.

A similar case to the one posed here was considered

by the Eighth Circuit Court of Appeals in *Davis* v. *Bean*, 804 F.2d 1018 (1986). There, Conrad Bean and his step-son, Ty Davis, were in an accident when Bean's truck slid off an icy road. Bean was driving at the time and his truck was insured under a liability policy which included uninsured motorist coverage. Davis was excluded under the terms of Bean's liability policy because Davis was a member of Bean's household. Davis, however, sought recovery under the uninsured motorist provisions of Bean's policy, claiming that the terms in those provisions excluding an owner's and insured's vehicle was void (1) as an illegal limitation mandated by the Arkansas uninsured motorist statute, Ark. Code Ann. § 23-89-403, 404 (1987) (previously codified as Ark. Stat. Ann. § 66-4003 (Supp. 1985), and (2) as against Arkansas public policy. The Eighth Circuit Court, adopting the district court's reasoning, rejected Davis's argument stating that uninsured motorist coverage should apply only where injury is the result of a collision involving the insured's car and a car owned by an uninsured motorist, and that uninsured motorist coverage should not apply where the accident involves the insured's car only.

We find the *Bean* case persuasive for several reasons. First, § 23-89-404, which provides for uninsured motorist property damage coverage, specifically indicates that such coverage applies when the collision in question involves an operator of another vehicle. *See* § 23-89-404(a)(2). This being statutorily contemplated, we cannot say that a policy requiring another vehicle to trigger the policy's uninsured motorist coverage violates this state's public policy. Second, in construing Arkansas's uninsured motorist provisions, this court has also held that the burden of showing the "other vehicle" is uninsured is on the plaintiff. *Home Ins. Co.* v. *Harwell*, 263 Ark. 884, 568 S.W.2d 17 (1978). Clearly, this court has presumed a vehicle other than the plaintiff-insured's must be involved when the insured is entitled to collect under uninsured motorist coverage. Third, it is also settled Arkansas law that an insurer may contract with its insured upon whatever terms the parties may agree upon which are not contrary to statute or public policy. *Aetna Ins. Co.* v. *Smith*, 263 Ark. 849, 568 S.W.2d 11 (1978). Here, under Pardon's policy, an uninsured auto is "an auto not insured by a liability policy at the time of the accident." Thus, because Pardon's truck was insured by a liability policy, his uninsured motorist coverage by its very

terms was inapplicable. Finally, we reiterate that the purpose of uninsured motorist coverage is to protect the insured from financially irresponsible motorists. *Payne* v. *Farm Bureau Mutual Ins. Co. of Arkansas, Inc.*, 298 Ark. 540, 768 S.W.2d 543 (1989). The construction the trial court has given Pardon's policy certainly meets this purpose.

For the reasons given above, we affirm.