Hassell WILLIAMS, Administrator of the Estate of Lisa Carter
*v.* SHELTER MUTUAL INSURANCE COMPANY

93-709                                                870 S.W.2d 387

Supreme Court of Arkansas
Opinion delivered February 7, 1994

*Butler, Hicky & Long*, by: *Fletcher Long, Jr.*, for appellant.

*Matthews, Sanders, Liles & Sayes*, by: *Marci Talbot Liles and Gail O. Matthews*, for appellee.

DAVID NEWBERN, Justice. This is an insurance case. Lisa Carter was killed while a passenger in a car owned by her and insured by the appellee, Shelter Mutual Insurance Company (Shelter). Hassell Williams, the appellant, as administrator of Lisa Carter's estate, sought to recover from Shelter under Ms. Carter's uninsured motorist coverage on the ground that the driver of the car was an uninsured motorist. The Trial Court granted summary judgment in favor of Shelter. Mr. Williams appeals, contending the Trial Court erred in finding as a matter of law that the uninsured motorist coverage in the policy covers only accidents caused by drivers of uninsured automobiles. He contends the ruling was contrary to the General Assembly's intent in enacting Ark. Code Ann. § 23-89-403 (1987) and against public policy. We find no error and affirm.

Mr. Williams alleged that Ms. Carter's car was uninsured because Ms. Carter was excluded from the liability coverage under the policy as she owned the car and was the insured named in the policy.

We decided the issue presented in this case in another case decided quite recently. *Pardon* v. *Southern Farm Bureau Casualty Ins. Co.*, 315 Ark. 537, 868 S.W.2d 468 (1994). In the *Pardon* case, David Pardon was killed while a passenger in his truck. Mr. Pardon had liability and uninsured motorist insurance coverage for the truck. The driver of the truck at the time Mr. Pardon was killed was uninsured. Under Mr. Pardon's policy, Mr. Pardon was excluded from liability coverage because he was the owner of the truck. Mr. Pardon's estate tried to recover under the uninsured motorist portion of Mr. Pardon's policy because the driver of the truck at the time of the accident did not have insurance coverage. We affirmed a summary judgment in favor of the insurance carrier. We held that uninsured motorist coverage applies when the collision in question involves the operator of another vehicle which is uninsured. We stated that an insurance policy with this provision is not against public policy because the applicable statute states that uninsured motorist coverage

only applies when an accident is caused by an uninsured automobile.

The summary judgment in favor of Shelter was correct.

Affirmed.