Amy FOSTER *v.* FARM BUREAU
MUTUAL INSURANCE COMPANY of Arkansas

CA 00-228                                              27 S.W.3d 464

Court of Appeals of Arkansas
Division I
Opinion delivered October 4, 2000

*Grider Law Firm, PLC,* by: *Murrey L. Grider,* for appellant.

*David W. Cahoon,* for appellee.

JOHN E. JENNINGS, Judge. This is a case involving underinsurance coverage. Appellant Amy Foster was a passenger in her own vehicle that was being driven by Allen Plank when an accident occurred with a vehicle operated by Stephanie Datsun. Appellant was seriously injured in the accident, and Plank was killed. Ms. Datsun was determined to be at fault, and her insurance company paid appellant the maximum liability limit of her policy in the amount of $25,000.00. Appellant also collected $50,000.00 in underinsurance from her own insurance carrier. Claiming that her damages exceeded $125,000.00, appellant filed this suit seeking underinsurance coverage from Plank's insurer, appellee Farm Bureau Mutual Insurance Company of Arkansas. Both parties filed motions for summary judgment in agreement that there were no material issues of fact in dispute.

The trial court granted appellee's motion for summary judgment, holding that underinsurance coverage did not extend to appellant under the terms of Plank's policy. On appeal, appellant contends that the trial court's decision was in error. We disagree and affirm.

The resolution of the issue on appeal is dependent on the language used in the insurance policy. In Arkansas, insurance policies are to be interpreted like other contracts. *Agricultural Ins. Co. v. Ark. Power & Light Co.,* 235 Ark. 445, 361 S.W.2d 6 (1962). The language in an insurance policy is to be construed in its plain, ordinary, and popular sense. *Tri-State Ins. Co. v. Sing,* 41 Ark. App. 142, 850 S.W.2d 6 (1993). Contracts of insurance should receive a practical, reasonable, and fair interpretation consonant with the apparent object and intent of the parties in light of their general object and purpose. *First Financial Ins. Co. v. Nat'l Indemnity Co.,* 49 Ark. App. 115, 898 S.W.2d 63 (1995). If there is no ambiguity, and only one reasonable interpretation is possible, it is the duty of the courts to give effect to the plain wording of the policy. *See Western World Ins. Co. v. Branch,* 332 Ark. 427, 965 S.W.2d 760 (1998).

As pertinent to appellant's argument, the underinsurance motorist endorsement in this case provides as follows:

COVERED PERSONS

We will provide coverage for:

1. You or any member of your family residing in your household;

2. Any person while occupying your auto with your permission.

COVERAGE EXCLUSIONS

The Underinsured Motorist Coverage does not apply to:

6. Any auto a covered person is driving or using without the permission of its owner or a person having lawful custody of the auto; or when the auto is stolen or is reasonably known to be stolen.

The liability portion of the policy provides:

COVERAGE EXTENSIONS

When your policy insures a private passenger auto for Bodily Injury and Property Damage Liability Coverage, we provide those same coverages for the use of certain other autos.

We will provide coverage for:

1. Use of Other Autos

Coverage applies to autos that are not owned by you or members of your household or available for regular use by you or any other covered persons. This extension applies only on policies issued to individual persons (not organizations).

Appellant's argument that underinsurance coverage applies to her is based on the coverage extension for the use of other autos found in the basic policy provisions, and the coverage exclusion found in the underinsurance endorsement. She argues that underinsurance coverage exists because Plank's use of other autos was covered and the exclusion applied only to vehicles used without the owner's permission, which was not lacking in this case. We disagree, because appellant's argument ignores the specific language found in the underinsurance endorsement.

■ Appellant does not claim that she was a member of Plank's family who resided in his household. In that case, the underinsurance endorsement does extend coverage to "any person while occupying *your auto* with your permission. The term "your auto" is defined in the policy as "the vehicles described on your policy

Declaration." Under the plain and clear language of the underinsurance endorsement, coverage for occupants is limited to those who occupy vehicles specifically named in the policy. Appellant, however, was an occupant of her own vehicle, not one of Plank's that was listed in the policy declaration. Consequently, the trial court did not err in granting appellee's motion for summary judgment.

Appellant further argues that Ark. Code Ann. § 23-89-209 (Repl. 1999) requires the insurer to extend coverage to her. Arkansas Code Annotated section 23-89-209 provides in relevant part that:

> (a)(1) No private passenger automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicles in this state shall be delivered or issued in this state or issued as to any private passenger automobile principally garaged in this state unless *the insured* has the opportunity, which he may reject in writing, to purchase underinsurance motorist coverage.
>
> (2) After a named insured or applicant for insurance rejects underinsured motorist coverage, the insurer or any of its affiliates shall not be required to notify any insured in any renewal, reinstatement, substitute, amended or replacement policy as to the availability of such coverage.
>
> (3) The coverage shall enable *the insured* or *the insured's* legal representative to recover from the insurer the amount of damages for bodily injuries to or death of an insured which *the insured* is legally entitled to recover from the owner or operator of another vehicle whenever the liability insurance limits of such other owner or operator are less than the amount of the damages incurred by *the insured*.
>
> (4) Underinsured motorist coverage shall be at least equal to the limits prescribed for bodily injury or death under § 27-19-605.
>
> (5) Coverage of *the insured* pursuant to the underinsured motorist coverage shall not be reduced by the tortfeasor's insurance coverage except to the extent that the injured party would receive compensation in excess of his damages.

An insurer may contract with its insureds upon whatever terms the parties agree so long as the terms are not contrary to a

statute or public policy. *Pardon v. Southern Farm Bureau Cas. Ins.,* 315 Ark. 537, 868 S.W.2d 468 (1994). The statute in question, however, does not broadly specify any class of persons for coverage other than "the insured." Therefore, we cannot conclude that the policy provides less coverage than the statute requires.

Affirmed.

HART and GRIFFEN, JJ., agree.