Randle L. JACOBS and Kenneth Williams *v.*
GULF INSURANCE COMPANY

CA 03-803                                      156 S.W.3d 737

Court of Appeals of Arkansas
Division III
Opinion delivered March 31, 2004

*Stephen M. Sharum; M. Keith Blythe* and *J. Shawn Spencer*, for appellants.

*Laser Law Firm,* by: *Dan F. Bufford* and *Brian A. Brown*, for appellee.

ROBERT J. GLADWIN, Judge. Appellants brought suit under the direct-action statute, Ark. Code Ann. § 23-79-210 (Repl. 1999), against appellee, who is their employer's commercial automobile insurer. They sought benefits under their employer's uninsured motorist coverage for injuries they sustained when the boom-and-bucket device that they were using failed and crashed to the ground. The trial court granted summary judgment against appellants, finding that they were precluded under the workers' compensation exclusive-remedy doctrine from pursuing a negligence

claim against their employer's insurance carrier in a direct action and that, in any event, the insurance policy in question did not provide uninsured motorist coverage under the circumstances presented. We affirm.

Appellants Randle Jacobs and Kenneth Williams were employed by the Fort Smith School District. While performing their job duties as painters, they were required to enter buckets on a boom that extended approximately sixty feet into the air. The boom and bucket device, or cherry picker, was attached to a motor vehicle owned by the Fort Smith School District. This vehicle was insured by appellee, Gulf Insurance Company.

On May 19, 1999, the cherry-picker device failed and crashed to the ground, causing severe injuries to appellants. As a result of these injuries, they each collected workers' compensation benefits. Appellants subsequently filed a direct action against appellee, alleging that its insured, Fort Smith Public Schools, was negligent in failing to provide safe equipment, failing to repair defective equipment, failing to provide a safe place of employment, and failing to comply with various safety regulations. Appellants' complaint was filed pursuant to the direct-action statute, Ark. Code Ann. § 23-79-210, and alleged that because Fort Smith School District had immunity as a public school district, its actions were imputed to its insurer under the provisions of the statute.

Appellee filed a motion for summary judgment, contending, *inter alia*, that its insured's liability coverage did not apply to appellants due to a specific exclusion barring coverage for bodily injury to employees of the insured that arose out of and in the course of the employment. Appellants then filed an amended complaint, seeking coverage under the uninsured motorist provisions of the policy. Their contention was that because appellee denied coverage pursuant to certain exclusions in the policy, the motor vehicle in question became an uninsured vehicle. Appellee filed a supplemental motion for summary judgment, arguing that an uninsured motorist claim arises only from an accident involving an uninsured motor vehicle, and that an exclusion of coverage from the liability portion of the policy does not convert a vehicle, otherwise insured under the policy, into an uninsured motor vehicle. The trial court granted summary judgment, from which appellants bring this appeal.

Our standard of review in summary judgment cases is well established. Summary judgment is to be granted by a trial

court only when it is clear that there are no genuine issues of material fact to be litigated and the party is entitled to judgment as a matter of law. *Holt Bonding Co. v. First Fed. Bank of Ark.*, 82 Ark. App. 8, 110 S.W.3d 298 (2003). Once the moving party has established a *prima facie* entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material question of fact unanswered. *Id.* We view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.*

To support their claim under the UM coverage provided by appellee, appellants contend that the boom truck became an uninsured vehicle because appellee denied coverage under certain exclusions in the policy. We disagree. The purpose of uninsured motorist coverage is to protect the insured from financially irresponsible motorists. *Pardon v. Southern Farm Bureau Casualty Ins. Co.*, 315 Ark. 537, 868 S.W.2d 468 (1994). This purpose would not be advanced by declaring insured vehicles to be uninsured simply because an exclusion of the policy applied.

In *Davis v. Bean*, 804 F.2d 1018 (8th Cir. 1986), Conrad Bean and his step-son, Ty Davis, were in an accident in Bean's truck. The liability policy on the truck included uninsured motorist coverage. Davis was excluded from coverage under the policy because he was a member of Bean's household. Consequently, Davis sought coverage under the uninsured motorist provisions of the policy. The Eighth Circuit Court of Appeals rejected Davis's argument, stating that the uninsured motorist coverage should apply only where the injury was the result of a collision involving the insured's car and a car owned by an uninsured motorist, and that uninsured motorist coverage should not apply where the accident involved only the insured's car. The court noted that this precise issue had not at that time been addressed by an Arkansas court, but that the statutory language regarding protection from uninsured motorists was "indicative of the Arkansas legislature's intent that uninsured motorist coverage should apply only where injury is the result of a collision involving the insured's car and a car owned by an uninsured motorist, and

that uninsured motorist coverage should not apply where the accident involves the insured's car only." 804 F.2d at 1019.

In *Pardon v. Southern Farm Bureau, supra,* David Pardon, Christopher Thomas, and David Smith were riding in Pardon's truck when it overturned, killing Pardon and Thomas. The truck was insured by Southern Farm Bureau for both liability and uninsured motorist coverages. Thomas was driving the vehicle at the time of the accident, and was uninsured. Pardon was excluded from liability coverage because he was the owner of the truck. Pardon's estate brought suit against Southern Farm Bureau, alleging that because Thomas was uninsured and Pardon was excluded by the terms of his liability policy, Pardon was entitled to recover under the UM provision of his policy. Southern Farm Bureau answered and filed a motion for summary judgment, asserting that Pardon's truck was an insured auto because it was covered under the liability portion of Pardon's policy and therefore the UM coverage provision was inapplicable.

The trial court granted summary judgment in favor of the insurance company. On appeal, our supreme court affirmed, citing *Davis v. Bean, supra,* and stated that it found that case persuasive for several reasons:

> First, [Arkansas Code Annotated §] 23-89-404, which provides for uninsured motorist property damage coverage, specifically indicates that such coverage applies when the collision in question involves an operator of another vehicle. See 23-89-404(a)(2). This being statutorily contemplated, we cannot say that a policy requiring another vehicle to trigger the policy's uninsured motorist coverage violates this state's public policy. Second, in construing Arkansas's uninsured motorist provisions, this court has also held that the burden of showing the "other vehicle" is uninsured is on the plaintiff. *Home Ins. Co. v. Harwell,* 263 Ark. 884, 568 S.W.2d 17 (1978). Clearly, this court has presumed a vehicle other than the plaintiff-insured's must be involved when the insured is entitled to collect under uninsured motorist coverage. Third, it is also settled Arkansas law that an insurer may contract with its insured upon whatever terms the parties may agree upon which are not contrary to statute or public policy. *Aetna Ins. Co. v. Smith,* 263 Ark. 849, 568 S.W.2d 11 (1978). Here, under Pardon's policy, an uninsured auto is "an auto not insured by a liability policy at the time of the accident." Thus, because Pardon's truck was insured by a liability policy, his uninsured motorist coverage by its very terms was inapplicable. Finally, we reiterate that the purpose of uninsured

motorist coverage is to protect the insured from financially irresponsible motorists. *Payne v. Farm Bureau Mutual Ins. Co. of Arkansas, Inc.*, 298 Ark. 540, 768 S.W.2d 543 (1989).

315 Ark. at 539, 868 S.W.2d at 469.

■ Appellants argue that because the policy in question defined an uninsured motor vehicle as, among other things, one "for which an insuring or bonding company denies coverage or is or becomes insolvent," the boom truck qualified as an uninsured motor vehicle once the insurance company denied liability coverage under the policy exclusions. In light of the purpose of the uninsured-motorist statute and our supreme court's holding in *Pardon*, we disagree. Unless the parties contract differently, an insured motor vehicle is not transformed into an uninsured motor vehicle simply because certain policy exclusions bar a claimant's recovery.

■ Throughout its order granting summary judgment, the trial court discussed appellants' claim under the uninsured motorist provisions of the policy, and found that "[t]he language in the policy is not ambiguous. The Plaintiff would have the court determine that the School District is both insured and uninsured at the same time. Such a construction is not justified by the language in the contract." We agree with this finding, and hold that it alone supports the order granting summary judgment. Appellants could not, as a matter of law, proceed on an uninsured motorist claim where there was no uninsured motorist or uninsured vehicle involved.

In its order, the trial court also held that the workers' compensation exclusive-remedy doctrine precluded any recovery in this case. However, in light of our conclusion above on the trial court's alternative basis for granting summary judgment, we need not address its decision regarding the exclusive-remedy doctrine. *See South Beach Beverage Co., Inc. v. Harris Brands*, 355 Ark. 347, 138 S.W.3d 102 (2003).

Affirmed.

PITTMAN, J., agrees.

BAKER, J., concurs.

KAREN R. BAKER, Judge, concurring. Appellants appeal the trial court's grant of summary judgment finding that Ap-

pellants were precluded under the workers' compensation exclusive-remedy doctrine from pursuing a negligence claim against their employer and therefore were not legally entitled to pursue a negligence claim against their employer's insurance carrier in a direct action. I agree with the trial court's finding that on the facts presented in this case, the exclusive-remedy doctrine applies. Therefore, I concur with the majority opinion.

The majority addresses the language in the contract regarding an uninsured motorist and reaches it decision based upon the policy's provisions. The trial court's decision, however, was based upon the application of the exclusive-remedy doctrine to preclude appellants' claim. While the court's order discussed the language of the uninsured motorist endorsement,[1] the policy's provision does nothing more than articulate the requirement that the damages suffered must be based upon a legally cognizable claim.

The "exclusive remedy" provision of Ark. Code Ann. § 11-9-105 applies to the fact situation presented in this case. The exclusive-remedy provision of the Act is found at Ark. Code Ann. § 11-9-105, and states in part:

> The rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from the employer, or any principal, officer, director, stockholder, or partner acting in his capacity as an employer, or prime contractor of the employer, on account of the injury or death, and the negligent acts of a coemployee shall not be imputed to the employer. No role, capacity, or persona of any employer, principal, officer, director, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this chapter, and the remedies and rights provided by this chapter shall in fact be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have.

Ark. Code Ann. § 11-9-105(a) (Repl. 2002).

---

[1] The endorsement provides that Gulf "will pay all sums the 'insured' is *legally entitled to recover* as compensatory damages from the owner or driver of an 'uninsured motor vehicle.' " (Emphasis added.)

This provision clearly indicates that any claim for injury or death against an employer may only be brought under the Act, thus eliminating an employer's tort liability. According to the Act, an employee's remedy against his employer for injuries sustained on the job is to file a workers' compensation claim, and this remedy is exclusive as to the employer, as stated in the statute, and has only been extended by this court to the employer's workers' compensation insurance carrier. *Cherry v. Tanda*, 327 Ark. 600, 940 S.W.2d 457 (1997). The exclusivity provision of the Act mirrors the general purpose of the Act, which was to change the common law by shifting the burden of all work-related injuries from employers and employees and placing it on the consuming public, thus eliminating any need to prove fault. *Brown v. Finney*, 326 Ark. 691, 932 S.W.2d 769 (1996). This exclusive remedy favors both employers and employees. *Id. See also Elam v. Hartford Fire Ins. Co.*, 344 Ark. 555, 42 S.W.3d 443 (2001).

While I agree with appellants' general proposition that it is against public policy to preclude recovery or allow setoff of underinsured or uninsured motorists benefits to workers who have also received workers' compensation benefits, *see Elam, supra*; *Travelers Ins. Co. v. Nat'l Farmers Union Prop. & Cas. Co.*, 252 Ark. 624, 480 S.W.2d 585 (1972), the trial court's decision was based upon its finding that appellants' claim was based exclusively upon allegations that the employer and fellow-employees failed to maintain the vehicle's bucket and boom equipment in a safe condition. Because the claim is based only upon the employer's negligence, and not upon a third-party contract or tort liability theory, the exclusive-remedy doctrine applies. Therefore, there is no need to resort to contractual interpretation to determine whether appellants could maintain a claim, and the trial court properly entered summary judgment applying the exclusive-remedy doctrine.

Accordingly, I concur.